**BARRINGTON PRESS, INC., an Illinois corporation, Plaintiff,**

**v.**

**Richard W. MOREY and Diana W. Morey Defendants.**

**No. 81 C 1669.**

United States District Court, N.D. Illinois, E.D.

May 15, 1986.

## ORDER

ROSZKOWSKI, District Judge.

Before the court is plaintiff's petition for attorney's fees. For the reasons stated herein, plaintiff's petition is denied.

## DISCUSSION

The sole issue left to be decided in this case is whether under Illinois law a confession of judgment clause in a promissory note that provides for "reasonable costs of collection, including reasonable attorney's fees" will support an award of attorney's fees when the note-holder obtains a judgment on the note other than by confession. While each side argued their respective viewpoints as supported by Illinois case law, it was not until the completion of briefing on this issue that a case directly on point was brought to this court's attention.

In *Thread and Gage Company, Inc. v. Kucinski*, 116 Ill.App.3d 178, 71 Ill.Dec. 925, 451 N.E.2d 1292 (1st Dist.1983), the note in question "included a confession of judgment clause authorizing entry of judgment for the amount due, together with costs and 20% of such amount as attorney's fees." *Id.* at 185, 71 Ill.Dec. 925, 451 N.E.2d 1292. The note-holder initiated suit rather than proceeding by confession. In denying the note-holder attorney's fees following the successful suit on the note, the Illinois Appellate court stated:

> The well-established rule in this State is that attorney fees are ordinarily not recoverable unless specifically authorized by statute or contract.... A court may not award attorney fees as a matter of contractual construction in the absence of specific language.... Here, no provision in the agreement other than the confession of judgment clause, authorized attorney fees. [The note holder], having proceeded other than by way of confession of judgment is therefore not entitled to attorney fees.

*Id.* at 185–86, 71 Ill.Dec. 925, 451 N.E.2d 1292. (citations omitted).

Thus the only Illinois case brought to this court's attention involving circumstances for all practical purposes identical to those of this case held that the note-holder is *not* entitled to attorney's fees. Were this court writing on a clean slate, it might reach a different conclusion given the limited procedural differences between a suit initiated by opening a confession judgment under Illinois Supreme Court Rule 276 and one brought initially on the note. Throughout this case, however, the parties have agreed that Illinois law governs the substantive issues. Since plaintiff's entitlement to fees is a substantive issue and since this court cannot say *Thread and Gage* is obviously an incorrect statement of the law, this court will defer to the Illinois Appellate Court decision and deny plaintiff fees.

Plaintiff's argument that this court is without jurisdiction to consider the merits of the fee award is in error. While the intent of this court has always been merely to determine the amount of fees owing plaintiff, recent Seventh Circuit authority conclusively establishes that this court nonetheless retains jurisdiction to consider the merits of the fee award. *See Patzer v. Board of Regents of the University of Wisconsin System*, 763 F.2d 851,

857 (7th Cir.1985); *Exchange National Bank of Chicago v. Daniels,* 763 F.2d 286 (7th Cir.1985). Admittedly, the Seventh Circuit mentioned the fee award in affirming the decision on the merits. Nothing in the Seventh Circuit decision or in the argument of the parties even remotely suggests that the Seventh Circuit considered the merits of the fee award. This court is thus not precluded from deciding the merits of the plaintiff's fee petition.[1]

Neither can an amended pleading help plaintiff. Even assuming that an amendment is available at this late stage, nothing can change the fact that plaintiff chose not to proceed by confession of judgment. Under *Thread and Gage,* this fact is determinative to the fees issue.

## CONCLUSION

For the reasons stated herein, plaintiff's petition for attorney's fees is denied.

---

**1.** This determination is of course appealable under *Daniels* and *Patzer.*