Donna CROSSMAN, et al.,
Plaintiffs, Appellants,

v.

Michael MACCOCCIO, et al.,
Defendants, Appellees.

No. 86–1058.

United States Court of Appeals,
First Circuit.

May 21, 1986.

Milton Stanzler and Abedon, Michaelson, Stanzler & Biener, Providence, R.I., on memorandum in response to show cause order.

Joseph F. Penza, Jr., Providence, R.I., on memorandum in opposition to appellant's response to show cause order.

Before CAMPBELL, Chief Judge, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

Because of a potential timeliness jurisdictional problem, plaintiffs-appellants were directed to show cause why their appeal should not be dismissed in part. The parties have now responded, and we conclude the appeal must be dismissed to the extent plaintiffs-appellants purport to appeal from the October 9, 1985 judgments and the November 8 or 14, 1985 denial of their motion for a new trial.

We recount the background. Plaintiffs brought a § 1983 action complaining of police officers' entry into plaintiffs' home and subsequent conduct towards plaintiffs. Prior to trial, defendants made an offer of judgment pursuant to Fed.R.Civ.P. 68. This rule provides that "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." Plaintiffs did not accept the offer. The jury subsequently awarded damages in an amount less than the offer. Judgments for each of the plaintiffs entered on October 9, 1985. A few days later, plaintiffs moved for a new trial on damages. Plaintiffs' motion for new trial was denied on either November 8 or November 14, 1985. Since the result is the same, we will assume November 14, 1985 is the date the order entered. Outstanding at that time were defendants' application for costs, including attorney's fees, under Rule 68 and plaintiffs' application for costs. Apparently concluding that these matters precluded the October 9, 1985 judgments from being final ones, plaintiffs did not file their notice of appeal within 30 days of the November 14, 1985 denial of their motions for a new trial. On December 20, 1985, the district court entered an opinion disposing of the outstanding motions for costs and attorney's fees. On January 17, 1986, plaintiffs filed a notice of appeal purport-ing to appeal from the October 9, 1985 judgments, the denial of plaintiffs' motion for new trial, and the December 20, 1985 order granting defendants costs and attorney's fees under Rule 68. The notice of appeal is timely as to the December 20, 1985 order concerning costs and attorney's fees. The question now before us is whether it is timely as to the October 9, 1985 judgments and November order denying plaintiffs' motions for a new trial.

Plaintiffs first argue that their appeal may be salvagable because of a motion to extend the time for appealing they filed. Fed.R.App.P. 4(a)(5) requires a motion to extend to be filed "not later than 30 days after the expiration of the time [for appealing] prescribed by ... Rule 4(a)." The time for appealing from the October 9 judgments and November 14 order expired on December 16, 1985. Thirty days after December 16, 1985 was January 15, 1986. Hence, if the October 9 judgments became final on November 14, 1986, plaintiffs' motion to extend, filed on January 17, 1986, was untimely and no court would have the power to extend the time for appeal. *See Silvia v. Laurie*, 594 F.2d 892 (1st Cir. 1979); 9 Moore's Federal Practice 4–104 ("the result of failure to file a timely notice of appeal, followed by failure to make a timely motion to be permitted to file one out of time, extinguishes the right to appeal beyond revival by either the district court or the court of appeals"). Consequently, the crucial question is whether the fact that the October 9, 1985 judgments had not disposed of the parties' claims for costs, including defendants' claim under Rule 68 for costs and attorney's fees, has prevented the October 9, 1985 judgments from being final ones.

The fact that the October 9, 1985 judgments did not include whatever amount of costs that plaintiffs, as prevailing parties, would be entitled to did not preclude finality. *See* Fed.R.Civ.P. 58 (entry of judgment shall not be delayed for the taxing of costs). Nor would have a failure to include the amount of § 1988 attorney fees to be awarded a prevailing

plaintiff prevented finality. *See White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982); *Exchange National Bank of Chicago v. Daniels,* 763 F.2d 286, 292 (7th Cir.1985) ("It may be that the Court did not mean in *White* to make the decision on the merits appealable independently of the fees; the case nominally held only that fees were so separate that they need not be raised under Rule 59(e) within 10 days. But the rationale leading to this result—that fees have little or nothing to do with the merits—also produces an appealable final decision, which in turn sets the outer limit within which the notice of appeal must be filed. As a result, the Court's effort in *White* to prevent forfeitures of fees ... now can create forfeitures of challenges to the decision on the merits (if litigants do not act in the 30 days provided by Rule 4(a))"), *reh'g. granted on other grounds,* 768 F.2d 140 (7th Cir.1985). M. Green, "From Here to Attorney's Fees: Certainty, Efficiency, and Fairness in the Journey to the Appellate Courts," 69 Cornell L.Rev. 207, 231 (1984).

Some courts, in the context of deciding when the failure to determine the amount of attorney's fees to be awarded precludes the issuance of a final judgment on the merits, have identified three types of attorney's fees—(1) those which are similar to costs, (2) those which are an "integral part" of the case or scope of relief sought (such as when a promisee seeks to collect on a note and the note provides for attorney's fees) and (3) those which are "collateral to an action." These courts conclude that in the first and third type of cases, a judgment on the merits is not rendered unappealable simply because the amount of attorney's fees has not been determined, but that in the second type of case, determination of the amount of attorneys fees is part of any final, appealable judgment. *See,* e.g., *Holmes v. J. Ray McDermott & Co., Inc.,* 682 F.2d 1143, 1146 (5th Cir.1982) (discussing the three types of attorney's fees), *cert. denied,* 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983); *McQurter v. City of Atlanta,* 724 F.2d 881, 882 (11th Cir.1984) (endorsing *Holmes* ). A panel of

the Seventh Circuit, in contrast, has largely rejected these distinctions as too metaphysical and has chosen instead to treat all awards of attorney's fees, regardless whether their source is statutory or contractual (with the possible exception of attorney's fees in patent and trademark litigation), as separate from the merits, and hence the failure of a judgment on the merits to include the amount of attorney's fees does not prevent the judgment from being final and appealable. *Exchange National Bank of Chicago v. Daniels,* 763 F.2d 286, 292–94 (7th Cir.1985); *reh'g. granted on other grounds,* 768 F.2d 140 (7th Cir.1985); *See* also *Morgan v. Union Metal Mfg.,* 757 F.2d 792, 794 (6th Cir.1985) (Sixth Circuit's "unequivocal position" is that a judgment is final for purposes of appeal although the amount of attorney's fees has not been determined); 15 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 3915 (Supp.1985) 399–400 (recommending, in the interest of clarity, that a judgment otherwise final be appealable even though attorney fee issues have not been disposed of regardless of the time the fees were requested or the theory underlying the request).

■ We need not decide which approach we would adopt because, even if we were to follow those circuits which attempt to distinguish among the types of attorney's fees, we would conclude the failure to determine the amount of Rule 68 costs and attorney's fees in the October 9, 1985 judgments did not prevent those judgments from becoming final. Certainly, the Rule 68 costs cannot be considered an "integral part" of the underlying cause of action, for the underlying action was plaintiffs' § 1983 civil rights violation claim. Rather, the fees were entirely collateral to the main litigation. Consequently, to the extent plaintiffs seek to challenge the October 9, 1985 judgment or subsequent denial of their motions for new trial, plaintiffs' appeal is dismissed. The appeal from the December 20, 1985 order may proceed.

■ The lesson to be learned from this unfortunate loss of appellate rights is that regardless of the type of attorney's fees— whether contractually specified ones, statu-

**4**

tory ones, fees imposed under Fed.R.Civ.P. 11 or the bad faith exception to the American rule, etc.—remaining undetermined after a judgment on the merits has been rendered, counsel would be advised either to ask the district court to refrain from entering a final judgment until attorney's fees have been resolved (and then, in the event the district court grants the request, to ensure that the record clearly reflects that entry of final judgment has been deferred) or to file, as a protective measure, a timely notice of appeal from the judgment on the merits. We think that in many cases the preferable course will be the first. Delaying entry of final judgment until all attorney's fees issues have been resolved will not only prevent the loss of appellate rights, but will also promote the efficient use of appellate resources, as it will enable this court to consider the merits and attorney's fees at the same time in one appeal. A single appeal is particularly desirable when the propriety of an attorney's fee award is closely intertwined with the merits of the case—such as, for example, when attorney's fees have been awarded under the bad faith exception to the American rule—but is also important when, in passing on the amount of statutorily authorized attorney's fees, this court must consider the reasonableness of the hours expended in the litigation on the merits.