816 F.2d 341
 BARRINGTON PRESS, INC., an Illinois Corporation, Plaintiff,
Counterdefendant, and Appellant,
v.
Richard W. MOREY and Diana W. Morey, Defendants,
Counterplaintiffs, Cross-Complainants, and Appellees,
v.
Philip E. BASH, Cross-Defendant.
 No. 86-2005.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 21, 1987.
Decided April 14, 1987.
 
 Michael Smith, Tenney & Bentley, Chicago, Ill., for plaintiff, counterdefendant, and appellant.
 Edward S. Margolis, Teller, Levit & Silvertrust, P.C., Chicago, Ill., for defendants, counterplaintiffs, cross-complainants, and appellees.
 Before BAUER, Chief Judge, RIPPLE, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.
 FAIRCHILD, Senior Circuit Judge.
 
 
 1
 This appeal is a sequel to Barrington Press v. Morey, 752 F.2d 307 (7th Cir.1985) (Barrington Press I ).[1] The judgment affirmed by this court in Barrington Press I included an award to plaintiff of "reasonable attorney's fees incurred in the collection of the amount for which the defendants are liable as provided in the promissory notes." Barrington Press v. Morey, No. 81 C 1669, order at 9 (N.D.Ill., Apr. 22, 1983). All that remained was a determination of the amount of fees due. Anomalously, perhaps, reservation of the determination of the amount of attorney's fees does not deprive the initial judgment of finality. See Exchange Nat'l Bank of Chicago v. Daniels, 763 F.2d 286, 291-92 (7th Cir.1985); Bittner v. Sadoff & Rudoy Indus., 728 F.2d 820, 827 (7th Cir.1984); Swanson v. American Consumer Indus., Inc., 517 F.2d 555, 561 (7th Cir.1975).
 
 
 2
 The opinion in Barrington Press I referred to the award of attorney's fees. However, there was no further discussion, doubtless because the defendants did not challenge the award. We conclude that the plaintiff's entitlement to attorney's fees, applying the law of Illinois, was resolved by the judgment and affirmed by this court. It thus became the law of the case.[2] See 5B C.J.S. Appeal & Error Sec. 1964 (1958) (law of the case applies when appellate court affirms decision of lower court and lower court cannot reconsider the matter decided, even if matter was decided implicitly rather than explicitly); 5 Am.Jur.2d Appeal and Error Secs. 744-746 (1962). The mandate of this court affirming the judgment amounted to a direction to the district court to determine the amount of the attorney's fees, entitlement to which had been awarded.
 
 
 3
 At about the time the defendants appealed from the judgment against them, plaintiff filed a fee petition, seeking to have the amount determined by the district court. The determination awaited the outcome of the appeal. The opinion in Terket v. Lund, 623 F.2d 29, 33-34 (7th Cir.1980), may well suggest that it would have been more efficient for the district court to determine the amount of the fee promptly, so that an appeal could have been taken and consolidated with the appeal from the judgment. It did not mean there was any requirement that that process be followed.
 
 
 4
 Ultimately the defendants persuaded the district court that it could properly reexamine the merits of plaintiffs' entitlement to a fee, and that under the facts of the case, the award was contrary to the law of Illinois. The district court thus denied the plaintiffs' petition for attorney's fees, 635 F.Supp. 1257 and this appeal is from that order.
 
 
 5
 The defendants had given four cognovit notes for the purchase price sued for and recovered in Barrington Press I. The notes provided in pertinent part:
 
 
 6
 The undersigned individuals authorize, irrevocably, any attorney of any court of record to appear for the undersigned individuals in such court if this note is not paid when due, and any time thereafter, whether in term time or vacation, to confess judgment, without process, in favor of the holder of this note, for such amount as may appear to be due and unpaid thereon, together with reasonable costs of collection, including reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof. The undersigned individuals waive presentment for payment, notice of dishonor and protest.
 
 
 7
 (emphasis added). The defendants now contend that under Illinois law, plaintiff is not entitled to attorney's fees under the notes because plaintiff "proceeded other than by way of confession of judgment." Thread and Gage Co., Inc. v. Kucinski, 116 Ill.App.3d 178, 186, 71 Ill.Dec. 925, 451 N.E.2d 1292 (1st Dist.1983). Plaintiff contests this contention, but we do not resolve the dispute because the contention is raised too late.
 
 
 8
 Defendants did not contest the award of attorney's fees before the district court prior to judgment, nor in their Rule 59(e) motion to amend the judgment in other respects. Had they raised it on appeal in Barrington Press I, this court may well have held it had been waived. See Lazzara v. Howard A. Esser, Inc., 802 F.2d 260, 268 (7th Cir.1986) (arguments made on appeal were untimely because they had not been raised in the district court); Haynes v. United States, 418 F.2d 1380, 1382 (Ct.Cl.1969) ("[i]t is a general rule of law that failure to preserve an error, either at the trial level or before an appellate court, will cause that point to be lost for any subsequent appeal"). In any event, defendants did not raise the argument and the judgment was affirmed without modification.
 
 
 9
 On this appeal, defendants seek to preserve their position by arguing that the district court's order now appealed from was consistent with the judgment and was equivalent to finding that the amount of "reasonable attorney's fees incurred in the collection of the amount for which the defendants are liable as provided in the promissory notes" is zero, since no work was performed in connection with entering judgment upon confession. To make the argument, defendants put an unnatural and strained construction on the phrase "as provided in the promissory notes." Neither their interpretation of that phrase, nor their rationale of finding an amount equal to zero was followed by the district court.
 
 
 10
 We think the case remains in the same posture as it had after the judgment was entered, and that a determination of a reasonable attorney's fee incurred in the collection was and is all that remains to be done.
 
 
 11
 The order appealed from is REVERSED and the cause REMANDED for further proceedings.
 
 
 12
 RIPPLE, Circuit Judge, concurring.
 
 
 13
 I join the judgment and opinion of the court. I agree that, on these facts, eligibility for attorneys' fees was encompassed within the judgment before this court in Barrington I. I write separately simply to emphasize that our holding today leaves undisturbed the settled law of this circuit that the matter of attorneys' fees need not be determined at the time that a final, appealable judgment is entered on the merits. The district court may defer ruling on attorneys' fees until a later time and, upon entry of a separate judgment addressing attorneys' fees, a separate appeal may be taken to this court. See Exchange Nat'l Bank v. Daniels, 763 F.2d 286, 294 (7th Cir.1985); Swanson v. American Consumer Indus., Inc., 517 F.2d 555, 561 (7th Cir.1975).
 
 
 
 [1]
 Jurisdiction was founded in diversity and the parties agreed that the law of Illinois governs substantive questions
 
 
 [2]
 The law of the case doctrine precludes reconsideration of a matter already decided "unless one of three 'exceptional circumstances' exists: the evidence in a subsequent trial was substantially different; controlling authority has since made a contrary decision of law applicable to such issues; or the decision was clearly erroneous, and would work a substantial injustice." Kori Corp. v. Wilco Marsh Buggies and Draglines, Inc., 761 F.2d 649, 657 (Fed.Cir.1985) (citing Central Soya Co. v. Geo. A. Hormel & Co., 723 F.2d 1573, 1580 (Fed.Cir.1983)). Defendants presented no evidence that any of these exceptional circumstances existed in this case