No. 87–32.  MOREY ET UX. *v.* BARRINGTON PRESS, INC.  C. A. 7th Cir.  Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN joins, dissenting.

In *White* v. *New Hampshire Dept. of Employment Security,* 455 U. S. 445, 451 (1982), we held that a claim "for attorney's fees under 42 U. S. C. § 1988 raises legal issues collateral to the main cause of action," and that such a request was not a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). In the years that have followed, we have not determined if *White*'s holding applies only to fee requests under a separate statutory provision like § 1988, or if it also renders "collateral" those fee requests made in cases where the fee award arises as an integral part of the underlying dispute between the parties.

Consequently, several questions concerning the finality (and, as a result, the appealability) of judgments encompassing fee awards in cases of the latter type have been the subject of confusion in the Courts of Appeals.  This case raises such a question.  Here, respondent prevailed in its action seeking judgment on four promissory notes executed by petitioners.  The District Court awarded respondent principal and interest "plus reasonable attorney's fees incurred" by respondent.  App to Pet. for Cert. D–7.  The District Court did not fix an amount for the attorney's fees at that time.  The Court of Appeals affirmed the judgment below; it mentioned, but did not specifically review, the District Court's award of attorney's fees.  752 F. 2d 307, 308 (CA7 1985).  On respondent's subsequent petition for fees, however, the District Court entertained petitioners' Illinois law challenge to the fee award, and determined that Illinois law prohibited a fee award in this case. 635 F. Supp. 1257 (ND Ill. 1986).  The Court of Appeals reversed this decision, finding that "reservation of the determination of the amount of attorney's fees does not deprive the initial [district court] judgment of finality," and therefore the District Court could not reconsider respondent's entitlement to fees in its second decision.  816 F. 2d 341, 342 (CA7 1987).

The Courts of Appeals are sharply divided over the question presented here: whether an award of attorney's fees, when it arises out of a claimant's underlying cause of action, is final before that award is quantified.  See *Beckwith Machinery Co.* v. *Travelers Indem-*

*nity Co.*, 815 F. 2d 286, 288–289 (CA3 1987) (canvassing the Courts of Appeals decisions). Four Circuits have held that an attorney's fee award, when that award is not won in a collateral proceeding (such as a § 1988 action), is not final until the amount of the award is quantified. *Beckwith Machinery Co.*, *supra*, at 290; *F. H. Krear & Co.* v. *Nineteen Named Trustees*, 776 F. 2d 1563, 1564 (CA2 1985); *Todd Shipyards Corp.* v. *Auto Transportation, S. A.*, 763 F. 2d 745, 751 (CA5 1985); *Fort* v. *Roadway Express, Inc.*, 746 F. 2d 744, 747 (CA11 1984). Two other Courts of Appeals have taken the approach applied by the Seventh Circuit here, according finality to all attorney's fees awards prior to their quantification. *Budinich* v. *Becton Dickinson & Co.*, 807 F. 2d 155, 157–158 (CA10 1986); *Morgan* v. *Union Metal Mfg.*, 757 F. 2d 792, 794–796 (CA6 1985). At least one other Court of Appeals has recognized the split, but has declined to take a position. *Crossman* v. *Maccoccio*, 792 F. 2d 1, 3 (CA1 1986) *(per curiam)*.

Because the Courts of Appeals have divided in their attempt to apply the principles of our decision in *White*, I would grant certiorari in this case to resolve the conflict and answer the question presented here.