**246**

CONTINENTAL BANK N.A., Plaintiff,

v.

Robinson EVERETT, Kathrine Everett, and J.H. Froelich, Defendants.

No. 90 C 1476.

United States District Court,
N.D. Illinois, E.D.

July 22, 1991.

Howard J. Roin, Janet L. Reed, Lynn D. Thesing, Andrew S. Marovitz, Mayer,

Brown & Platt, Chicago, Ill., for plaintiff Continental Bank N.A.

Robert E. Wiss, Todd R. Mendel, Foran, Wiss & Schultz, Chicago, Ill., for defendants Robinson Everett and Kathrine Everett.

Ronald J. Guild, Feiwell, Galper & Lasky, Chicago, Ill., for defendant J.H. Froelich.

ORDER

BUA, District Judge.

Continental Bank N.A. ("Continental") initiated this lawsuit to recover the balance of an unpaid loan from Robinson Everett, Kathrine Everett, and J.H. Froelich—three guarantors of a bankrupt borrower. On March 28, 1991, this court entered summary judgment in favor of Continental on the issue of liability. 760 F.Supp. 713 (N.D.Ill.1991). Continental now moves for summary judgment on the issue of damages.

An assessment of recoverable damages starts with the language of the governing guaranty agreements. The liability of Robinson Everett, Kathrine Everett, and J.H. Froelich is limited under their respective guaranties. Continental cannot recover more than $1,569,445 (plus interest and expenses) from Robinson Everett, $1,569,506 (plus interest and expenses) from Kathrine Everett, and $544,866 (plus interest and expenses) from J.H. Froelich. *See* Guaranty Agreements, § 1. Liability is several, meaning that each defendant is independently liable up to the liability limits. *Id.* § 8(d).

The parties do not dispute that the balance of the unpaid loan is greater than any of the individual limits of liability. For this reason, Continental may pursue each defendant to the extent of the liability limits (along with interest on such amounts) until the debt is satisfied.[1] Since defendants' liability is specifically circumscribed by the guaranties, damages ordinarily would be relatively certain. But the damage calculation is somewhat more complicated because

---

1. Although the combined liability limits exceed the unpaid balance of the loan, Continental certainly cannot collect more than is actually due and owing.

defendants made periodic payments for roughly two years.

As each defendant made a payment, Continental made a corresponding reduction in that defendant's limit of liability. By January 1, 1990, defendants had stopped making payments altogether. Crediting defendants with the payments made prior to that date, Continental has determined that Robinson Everett is liable for $1,546,548.29, Kathrine Everett is liable for $1,546,543.51, and J.H. Froelich is liable for $561,913.68. As of April 10, 1991—the cutoff date used by Continental in submitting its damage calculations—interest continues to accrue at a rate of $435.59 per day for Robinson and Kathrine Everett, and $159.36 per day for J.H. Froelich.[2]

■ Continental's calculations, which are based on a straightforward application of the guaranties, appear to accurately reflect its actual damages. The defendants disagree. They contend that the loan payments should have been applied against the balance of the underlying loan, rather than their respective guaranty limits. Under defendants' approach, the principal of the loan is reduced by the payments made by all of the guarantors, and interest is then determined according to each defendant's pro rata share[3] of the outstanding loan balance.

Defendants' method of calculation, as Continental points out, is inconsistent with the terms of the guaranty agreements. There is nothing to suggest, in the guaranties or the underlying loan documents, that interest is to be based on the guarantors' pro rata shares of the loan. On the contrary, the guaranties provide, in unambiguous terms, that defendants are liable for the stated limits of liability "plus interest *on such amount[s]."* *Id.* § 1 (emphasis added). Each defendant's liability is "independent of any other guaranties ... [and] may be enforced in full regardless of the existence of any such other guaranties." *Id.* § 8(d). This language clearly demonstrates that payments made by one guarantor do not serve to reduce another's liability. Continental properly calculated defendant's liability for principal and interest.[4]

Having considered all of the parties' submissions, including their briefs, supporting affidavits, and exhibits, the court finds that there is no genuine issue of material fact with respect to the principal and interest due under the loan. The court hereby enters judgment in favor of Continental and against defendant Robinson Everett in the amount of $1,546,548.29, against Kathrine Everett in the amount of $1,546,543.51, and against J.H. Froelich in the amount of $561,913.68. Robinson and Kathrine Everett are also liable for interest accruing at a rate of $435.59 per day, and J.H. Froelich must pay interest at a rate of $159.36 per day.[5]

■ Finally, defendants cannot dispute that Continental is entitled to attorneys' fees and expenses incurred in connection with the enforcement of the guaranties. *See id.* § 1. The only question in this regard is whether or not the amount of recoverable fees and costs must be determined prior to the entry of final judgment. Continental, over defendants' objection, has requested that fees and costs be assessed after judgment is entered. The court does not find this request unreasonable. The

---

**2.** The applicable interest rate, set forth in the term note, is equal to Continental's prime rate plus 3%. (Continental's prime rate is currently 9%.)

**3.** Pro rata liability is determined by each defendant's ownership interest in the debtor company.

**4.** Defendants also argue that Continental should not have applied the default rate of interest as of January 1, 1990—even though that is the date when defendants dishonored their guaranties. In defendants' view, the default rate should have taken effect on March 14, 1990, when Continental made a demand for payment. This argument, like defendants' other arguments, lacks merit. Defendants initially went into default (and the default rate was therefore applicable) on the date they stopped making payment, not when Continental made a demand. Besides, defendants expressly waived their right to demand or notice of dishonor from Continental. Guaranty Agreements, § 6(c).

**5.** This rate of interest is effective as of April 10, 1991. Of course, the rate may change as Continental's prime rate periodically changes.

**248**

finality of the judgment is not impaired simply because the total amount of fees and costs has not yet been determined. *Barrington Press, Inc. v. Morey,* 816 F.2d 341, 342 (7th Cir.), *cert. denied,* 484 U.S. 906, 108 S.Ct. 249, 98 L.Ed.2d 207 (1987). The determination of the total fees and costs may be properly resolved in a post-judgment proceeding. *See id.* at 344 (Ripple, J., concurring). Any objection defendants may have to Continental's petition for fees and costs shall be made at that time.

IT IS SO ORDERED.