Jacquelyn L. MORRIS,
Plaintiff–Appellee,

v.

AMERICAN NATIONAL CAN COR-
PORATION and Glen Besore,
Defendants–Appellants,

and

David SCOTT, Defendant.

No. 92–2612.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 13, 1993.

Decided March 3, 1993.

Thomas C. Walsh, St. Louis, MO, argued (James P. Mannion, Jr., and Larry M. Bauer, on brief), for defendants-appellants.

John D. Lynn, St. Louis, MO, argued, for plaintiff-appellee.

Before RICHARD S. ARNOLD, Chief Judge, and FLOYD R. GIBSON and REAVLEY,* Senior Circuit Judges.

FLOYD R. GIBSON, Senior Circuit Judge.

American National Can Corporation and Glen Besore (collectively referred to as "American National") appeal the district court's decision to enhance the award of attorney fees awarded pursuant to Title VII, 42 U.S.C. § 2000e–5(k). It also appeals the court's award of supplemental attorney fees. We reverse as to the first issue and vacate and remand as to the second.

## I.  BACKGROUND

Jacquelyn Morris received a judgment in her favor in a sexual harassment suit against her employer, American National, and her supervisor, Glen Besore. *Morris v. American Nat'l Can Corp.*, 730 F.Supp. 1489 (E.D.Mo.1989). Morris appealed, *inter alia,* the district court's refusal to enhance the award of attorney fees based on the contingency fee arrangement she had with her attorney and the associated risk that her attorney would receive no compensation. In defending this latter point, American National argued that the district court appropriately applied the prevailing law, which was based on Justice O'Connor's concurring opinion in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987) (*"Delaware Valley II"*). American National did not argue that the attorney fee provision did not allow for an enhancement* based on the risks associated with a contingency fee arrangement.

This court reversed the district court with respect to the enhancement issue and remanded for further proceedings. *Morris v. American Nat'l Can Corp.,* 952 F.2d 200, 207 (8th Cir.1991) (*"Morris II"*). After conducting these further proceedings, the district court enhanced Morris' attorney fees by 50% to reflect the contingency fee

arrangement, and awarded almost $16,000 in additional fees to compensate for work performed between February 21, 1990 and April 13, 1992.

Nineteen days after the district court entered this decision, the Supreme Court announced its decision in *City of Burlington v. Dague,* —— U.S. ——, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992), in which the Court (by a 6–3 vote) held that enhancement for contingency is not permitted under the fee-shifting statutes contained in the Solid Waste Disposal Act or the Federal Water Pollution Control Act. American National then instituted this appeal, contending that *Dague* bars the enhancement ordered in this case and that Morris' attorneys did not succeed on any matters arising after February 21, 1990.

## II.  DISCUSSION

### A.  Enhancement

■ At the time *Morris II* was decided, we had applied Justice O'Connor's plurality opinion from *Delaware Valley II* to a variety of fee-shifting statutes, including the one at issue in this case. *E.g., Jackson v. Rheem Mfg. Co.,* 904 F.2d 15, 16–17 (8th Cir.1990) (42 U.S.C. § 2000e–5(k)); *Jenkins v. Missouri,* 838 F.2d 260, 267–68 (8th Cir. 1988) (42 U.S.C. § 1988). Our reliance on Justice O'Connor's opinion was premised on the fact that her opinion represented the narrowest grounds for the Court's decision in *Delaware II. Jenkins,* 838 F.2d at 268; *see also Marks v. United States,* 430 U.S. 188, 193, 97 S.Ct. 990, 993, 51 L.Ed.2d 260 (1977).

There is no doubt, in light of *Dague,* that Justice O'Connor's opinion in *Delaware Valley II* no longer represents the law of the land. The issue is whether American National can benefit from the Court's decision in *Dague,* even though it did not raise the precise issue in either the district court or in its first appeal. In contending that *Dague* should not be applied to this case, Morris disavows any reliance upon the

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

"law of the case" doctrine and instead simply argues that American National waived this argument by not raising it earlier. We do not think the doctrines of law of the case and waiver are so unrelated that Morris can successfully rely on one theory at the exclusion of the other.

■ The law of the case is a doctrine that provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). "The doctrine prevents the relitigation of settled issues in a case, thus protecting the settled expectations of parties, ensuring uniformity of decisions, and promoting judicial efficiency." *Little Earth of the United Tribes, Inc. v. United States Dep't of Housing & Urban Dev.*, 807 F.2d 1433, 1441 (8th Cir.1986) ("*Little Earth*"). However, the law of the case does not apply when an intervening decision from a superior tribunal clearly demonstrates the law of the case is wrong. *E.g., Dean v. Trans World Airlines, Inc.*, 924 F.2d 805, 810 (9th Cir.1991); *Miles v. Kohli & Kaliher Assocs., Ltd.*, 917 F.2d 235, 241 N. 7 (6th Cir.1990); *Barrington Press, Inc. v. Morey*, 816 F.2d 341, 342 n. 2 (7th Cir.), *cert. denied*, 484 U.S. 906, 108 S.Ct. 249, 98 L.Ed.2d 207 (1987); *Laffey v. Northwest Airlines, Inc.*, 740 F.2d 1071, 1089 (D.C.Cir.1984) (per curiam), *cert. denied*, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 951 (1985).

■ By failing to raise the issue of whether 42 U.S.C. § 2000e–5(k) authorized an enhancement for contingency fee arrangements in *Morris II*, American National waived the argument. The initial consequence of this waiver was to afford the *Morris II* court the opportunity to decline to address this issue. *See Jasperson v. Purolator Courier Corp.*, 765 F.2d 736, 740–41 (8th Cir.1985). The *Morris II* court therefore held, based on prior precedent in

this circuit, that Justice O'Connor's opinion was the "current legal standard for awarding contingency enhancements." 952 F.2d at 204. This issue was thus decided in *Morris II* (albeit much more quickly in light of American National's waiver) and became the law of the case. *Cf. Fowler v. Cross*, 635 F.2d 476, 482 n. 9 (5th Cir. Jan.1981).[1]

Morris' decision to focus on American National's waiver of this issue in *Morris II* is meaningful only if there is a difference between a law of the case based on a waiver and a law of the case based on briefing and argument. Morris does not offer any reasons for making this distinction, nor can we formulate any of our own. Moreover, no court has ever applied the exceptions to the law of the case doctrine differently when the law was based on a waived issue as opposed to an issue formally presented to the court. The law of the case as a result of waiver is no different than a matter that becomes the law of the case as a result of argument.

■ Morris also emphasizes that American National could have raised this issue in *Morris II;* although the panel would have been bound by the prior panel decisions in this matter, American National could have then filed a suggestion for rehearing en banc or a petition for certiorari. Although this is true, it does not change the result in this case. By failing to raise the argument earlier, American National lost the opportunity to pursue these courses of action and, barring the Supreme Court's decision in *Dague*, would not have been successful in this appeal. Furthermore, if there had been a final decision in this case before *Dague* was decided, American National would not benefit from the change in the law. In a sense, American National got lucky; it eschewed the opportunity to try to effect a change in the law, but the matter was not yet final by the time a daring litigant elsewhere in the judicial system obtained a successful outcome.

---

1. Our decision does not depend upon the fortuitous presence of the quoted phrase from *Morris II.* Even if these words had not been written, *Morris II* would have implied that Justice O'Connor's opinion represented the appropriate standard, and the law of the case includes matters that are decided implicitly as well as those decided explicitly. *Little Earth*, 807 F.2d at 1438.

We conclude this case is to be resolved by applying the traditional exceptions to the law of the case doctrine. In light of the intervening decision in *Dague*, we reverse the enhancement of attorney fees.

B. Supplemental Fees

■ The district court awarded supplemental fees for work performed by Morris attorneys after February 21, 1990. American National contends that if the enhancement is reversed, the award of supplemental fees should also be reversed because there was no other issue upon which Morris prevailed after February 21. Morris contends there are other issues upon which she prevailed. Of course, no fees should be allowed for any work performed in connection with the enhancement because we have just ruled there will be no enhancement. After examining the district court's order, we are initially inclined to agree with American National's position, particularly because the district court "decline[d] to enhance this supplemental award of fees by any amount as this fee request was unrelated to the litigation of plaintiff's claims, but rather was related to time spent on enhancing the previous fee award." *Morris v. American Nat'l Can Corp.*, 794 F.Supp. 321, 324 (E.D.Mo.1992). However, after reviewing Morris' motion for supplemental fees, we are not sure the district court's description is completely accurate; some of the matters identified in the motion do not appear to relate to the enhancement issue, although the overwhelming majority of the hours specified do relate to that issue. We believe this matter is best resolved by the district court; accordingly, we vacate the award and remand to the district court so that it can reevaluate the motion for supplemental fees.

III. CONCLUSION

We reverse the district court's decision to enhance Morris attorneys fees based on the contingency fee arrangement between Morris and her attorney. Additionally, we vacate the district court's award of fees for work performed after February 21, 1990, with instructions that no fees be awarded for work relating to obtaining the enhancement we have just reversed; thus, we remand the issue of whether any compensable legal work was rendered after February 21, 1990.