**Joan T. NAPOLI, Plaintiff,**

v.

**SEARS, ROEBUCK AND CO., a corporation, and Keane, Inc., a corporation, Defendants.**

**SEARS, ROEBUCK AND CO., a corporation, Counter–Plaintiff,**

v.

**Joan T. NAPOLI, and the Object Group, Inc., a corporation, Counter–Defendants.**

No. 93 C 0619.

United States District Court, N.D. Illinois, Eastern Division.

July 14, 1994.

Rick Allan White, Chicago, IL, for Joan T. Napoli.

Floyd A. Mandell, Jaye Quadrozzi, Katten, Muchin & Zavis, Chicago, IL, for Sears, Roebuck & Co.

## MEMORANDUM OPINION AND ORDER

ANN CLAIRE WILLIAMS, District Judge.

This matter is before the court on plaintiff's renewed motion for reconsideration of Judge Aspen's ruling on plaintiff's motion for partial summary judgment.[1] For the reasons stated below, the renewed motion for reconsideration is granted in part and denied in part. Judge Aspen's October 5, 1994 Memorandum Opinion and Order denying plaintiff's Motion for Partial Summary Judgment is vacated. Plaintiff is given leave to file a renewed motion for partial summary judgment focusing primarily on the issues identified below.

### Background

Plaintiff Joan T. Napoli has brought suit against Sears, Roebuck & Co. ("Sears") and Keane, Inc., alleging copyright infringement, misappropriation of trade secrets, breach of

contract, and conversion. Keane, Inc. was subsequently dismissed from the action.

Napoli claims that she is the sole author of a computer software program (the "System") designed to improve the quality and efficiency of services offered by the Home Fashions Department at Sears. On May 3, 1993, Napoli moved for partial summary judgment, seeking to establish her sole ownership of a valid and enforceable copyright for the System. On October 5, 1993, Judge Aspen denied Napoli's motion for partial summary judgment. *Napoli v. Sears, Roebuck and Co.*, 835 F.Supp. 1053 (N.D.Ill.1993). Napoli's subsequent motion to reconsider was denied on November 15, 1993. *Napoli v. Sears, Roebuck and Co. et al.*, No. 93 C 619 (N.D.Ill. Nov. 15, 1993).

Napoli now brings a renewed motion for reconsideration. She bases her renewed motion on a recent decision issued by the Seventh Circuit, *Erickson v. Trinity Theatre, Inc.*, 13 F.3d 1061 (7th Cir.1994).

### Discussion

▮ The doctrine of law of the case maintains that courts should generally abide by their prior rulings in a case. *Evans v. City of Chicago*, 873 F.2d 1007, 1014 (7th Cir.1989). Reconsideration of a prior ruling in a case is appropriate only under exceptional circumstances, such as those in which the controlling law has changed, additional evidence has emerged, or the previous ruling was clearly erroneous and would cause substantial injustice. *Barrington Press, Inc. v. Morey*, 816 F.2d 341, 342–43 n. 2 (7th Cir. 1987). The law governing the instant dispute has materially changed since Judge Aspen's rulings on plaintiff's motions for partial summary judgment and for reconsideration. Because the change in law may be outcome determinative, the court will vacate the challenged Aspen ruling and accept additional briefing on matters left unaddressed in Judge Aspen's initial Memorandum Opinion and Order.

In ruling on Napoli's motion for partial summary judgment on the issue of ownership

---

1. On January 27, 1994, Judge Aspen recused himself from this case, pursuant to 28 U.S.C. § 455. The case was reassigned to this court on January 28, 1994.

of a valid and enforceable copyright for the System, Judge Aspen relied primarily on the de minimis standard for joint authorship articulated by Professor Nimmer. *Napoli*, 835 F.Supp. at 1059. In order to establish joint authorship under this standard the contribution of each author "must ... be more than *de minimis*. That is, more than a word or a line must be added by one who claims to be a joint author." *Id.* (quoting *Words & Data, Inc. v. GTE Communication Services*, 765 F.Supp. 570, 575 (W.D.Mo.1991) (quoting 1 M. & D. Nimmer, *Nimmer on Copyright*, § 6.07 at 6–18.2 (1990)). Using this standard, Judge Aspen found that there existed a genuine issue of material fact regarding whether Sears had made sufficient creative contributions to assert joint authorship of the System and thus defeat Napoli's claim to sole ownership of the System's copyright. *Id.* at 1059–60.

■ In its recent decision in *Erickson*, 13 F.3d at 1069–70, the Seventh Circuit explicitly rejected the de minimis standard. The Seventh Circuit instead adopted the copyrightable subject matter test, formulated by Professor Goldstein and adopted by a majority of courts that have considered the issue of joint authorship. *Id.* at 1070–71. Under the copyrightable subject matter test, "[a] collaborative contribution will not produce a joint work, and a contributor will not obtain a co-ownership interest, unless the contribution represents original expression that could stand on its own as the subject matter of copyright." *Id.* at 1070 (quoting Paul Goldstein, *Copyright: Principles, Law, and Practice* § 4.2.1.2, at 379 (1989)). In addition, the test requires that the parties must have intended to be joint authors at the time the work was created. *Id.*

■ In its objection to Napoli's renewed motion for reconsideration, Sears argues that the *Erickson* opinion is irrelevant to the present dispute. As Sears correctly notes, Judge Aspen appears to have held that "even if an 'independently copyrightable' rule applies, a genuine issue of fact exists as to whether Sears is a joint author." (Sears' Objection to Napoli's Renewed Motion for Reconsideration at 3). Judge Aspen reached this conclusion by identifying a potential ex-

ception to the copyrightable rule for "significant creative contributions". *See Napoli*, No. 93 C 619 (N.D.Ill. Nov. 15, 1993) at 4 (citing *Ashton–Tate v. Ross*, 916 F.2d 516, 521 (9th Cir.1990); *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1087 (9th Cir.1989); *Whelan Assocs. v. Jaslow Dental Lab.*, 609 F.Supp. 1307, 1319 (E.D.Pa.1985)). Under this exception, a party who makes a "significant contribution" to a copyrightable work may qualify as a joint author even if her contribution was not independently copyrightable. Unfortunately for Sears, the Seventh Circuit did not agree with Judge Aspen's interpretation of the appropriate test, and instead adopted a rule that quite clearly requires an independently copyrightable contribution for a finding of joint ownership under the Copyright Act. *Erickson*, at 1070–71. Under the Seventh Circuit test, the significance of the creative contribution is immaterial if the contribution is not independently copyrightable.

Napoli is only half-way home. Although Judge Aspen rested his decision on a perceived genuine issue of material fact regarding the sufficiency of Sears' creative involvement in the System's creation, he identified but failed to address two other potential areas of disputed fact: 1) whether Sears' contribution to the System is in fact independently copyrightable; and 2) whether the source codes were original to Napoli. Because these issues were left unresolved, the court is granting Napoli leave to file a renewed motion for partial summary judgment with a special focus on these two potential questions of fact. Both parties are free to adopt all relevant portions of their prior submissions in support of or opposition to the renewed motion.

### Conclusion

For the foregoing reasons, plaintiff's renewed motion for reconsideration of Judge Aspen's ruling on plaintiff's motion for partial summary judgment is granted in part and denied in part. Judge Aspen's October 15, 1994 Memorandum Opinion and Order denying plaintiff's Motion for Partial Summary Judgment is vacated. Plaintiff is given leave to file a renewed motion for partial

summary judgment focusing primarily on the issues identified above. The renewed motion and supporting memorandum should be filed by July 29, 1994. The response is due August 12, 1994, and the reply on August 19, 1994.