SULLIVAN, Senior Judge, with whom CRAWFORD, Chief Judge, joins
(dissenting):

Harmless Error

I would affirm this case on the basis of harmless error, as did the Court of Criminal Appeals. See Article 59(a), Uniform Code of Military Justice (UCMJ), 10 USC § 859(a). *179 I recognize that this child sexual abuse case was a swearing contest between appellant and TR, the alleged victim who was the eleven-year-old neighborhood girlfriend of appellant’s stepdaughter. However, appellant himself admitted that he was discovered sleeping on a mattress late at night with this young girl, whom he hardly knew, with his arm around her chest. (R.248, 399, 430, 406) Moreover, the erroneously admitted evidence (that appellant made statements to his wife about this incident and his wife refused to disclose their contents) did not materially prejudice appellant in the context of other evidence in this case.
As a starting point, I note the issue particularly granted review in this case. It asks “WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED WHEN IT HELD THAT THE ADMISSION OF THE STATEMENT OF APPELLANT’S WIFE WAS HARMLESS ERROR.” In my view, this granted issue raises two questions. First, did the appellate court below err in finding error in the admission of appellant’s wife’s statement? Second, assuming error, did the appellate court err in finding such error was harmless? Our ease law supports my construction of the granted issue. See United States v. Williams, 41 MJ 134, 135 (CMA 1994).*
In light of our decision in Williams, therefore, the first question in this harmless error case is whether the Court of Criminal Appeals was correct in holding that the trial judge erred in admitting the challenged evidence noted above. The Court of Criminal Appeals specifically held that the admission of this evidence, objected to by the defense on grounds of spousal privilege (R.97), was error under Mil. R. Evid. 512(a), Manual for Courts-Martial, United States (1998 ed.). This rule states:
Rule 512. Comment upon or inference from claim of privilege; instruction
(a) Comment or inference not permitted.
(2) The claim of a privilege by a person other than the accused whether in the present proceeding or upon a prior occasion normally is not a proper subject of comment by the military judge or counsel for any party. An adverse inference may not be drawn therefrom except when determined by the military judge to be required by the interests of justice.
(Emphasis added.) I conclude that the Court of Criminal Appeals was correct in holding that error occurred under this rule because the military judge made no interest-of-justiee determination.
I next turn to the question whether the. appellate court below correctly held that the trial judge’s error in admitting this evidence did not materially prejudice appellant’s substantial rights. See Article 59(a), UCMJ; Mil.R.Evid. 103(a), Manual, supra. I think that appellant was not so prejudiced for several reasons.
First, the evidenced statements of appellant’s wife concerning her husband’s words to her about this incident were neutral and repeated no express admissions by appellant to the charged offenses. Any negative inference which could be drawn against appellant from this evidence was based on his wife’s additional statement that she chose not to disclose his statements. The majority has not explained why the members would resolve this serious case on such a speculative basis.
*180 Second, additional evidence was admitted in this case showing that appellant’s wife did otherwise disclose the contents of these statements and what the content of appellant’s statements was. Appellant’s stepdaughter, Tamara, testified that she woke up; saw her father laying very close to TR with his arm around her chest; asked him what he was doing; and he said “nothing” and rolled off the couch. (R.440-41) Tamara also testified that she told this to her mother, who said her dad said the same thing. (R.442) This testimony neutralized any adverse innuendo or speculation from the challenged evidence that appellant had admitted the charged offenses to his wife.
Third,, as pointed out by the Court of Criminal Appeals, the alleged victim, TR, provided specific and detailed testimony as to what happened between her and appellant before Tamara woke up. In my view, this powerful evidence was the basis for appellant’s conviction, not the evidenced out-of-court statements of his wife, which might be construed as an assertion by her that appellant admitted the charged offenses.
Fourth, defense counsel did not request a protective instruction under Mil.R.Evid. 512(c). It states:
(e) Instruction. Upon request, any party against whom the members might draw an adverse inference from a claim of privilege is entitled to an instruction that no inference may be drawn therefrom except as provided in subdivision (a)(2).
Accordingly, in these circumstances, I conclude that the military judge’s error in admitting the challenged evidence was clearly harmless beyond a reasonable doubt.

Law of the Case

As an addendum to my opinion in this case, I wish to again note my disagreement with the majority’s apparent reliance on the doctrine of law of the case to preclude issues of law from our appellate jurisdiction. See generally Article 67(c), UCMJ, 10 USC § 867(c). It has created a new rule undermining our power to recognize plain error on our own motion. Contra Rules 5 and 21(d), Rules of Practice and Procedure, United States Court of Appeals for the Armed Forces.
The law-of-the-case doctrine is based on the failure of counsel to challenge a particular ruling by a trial judge on appeal, and a subsequent judicial decision by an appellate court on other issues. See United States v. Castillo, 179 F.3d 321, 326 (5th Cir.1999). The unappealed ruling of the trial court becomes the law of the ease on remand and on further appeals which may later occur in that appellate court. See Morris v. American National Can Corp., 988 F.2d 50, 52 (8th Cir.1993). Although this Court has used law-of-the-case language in addressing the permissible scope of our initial appellate review, I believe it is technically incorrect. See United States v. Hall, 56 MJ 432, 437 (2002) (Sullivan, S.J., concurring in part and in the result); Crocker v. Piedmont Aviation, Inc., 49 F.3d 735, 739 (D.C.Cir.1995); see generally 18B Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure § 4478 (2002).
To the extent the majority holds that the failure of appellate government counsel to contest the lower court’s legal-error holding in his brief before this Court precludes us from looking at this issue, I also disagree. In this regard, I note that the majority recognizes our plain error approach to appellate review as delineated in United States v. Williams, 41 MJ at 135, a case decided after United States v. Grooters, 39 MJ 269 (CMA 1994). Nonetheless, it asserts that our review of the underlying error is not permitted where “the Government has not asserted that the lower court’s ruling that error occurred was ‘clearly erroneous and would work a manifest injustice’ if adopted for purposes of this case.” 57 MJ at 177-78 n.3.
The scope of an appellate court’s review is an important question and one usually imparted to the discretion of the court, not the whims of counsel. Statutes, rules of court, and decisional law impart this discretion. See generally Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp., 510 U.S. 27, 114 S.Ct. 425, 126 L.Ed.2d 396 (1993). I would rely on the UCMJ and our published rules and hold that the underlying *181 question of legal error can be considered in a harmless error case on our own motion.
Article 67(c), UCMJ, states:
(c) In any case reviewed by it, the Court of Appeals for the Armed Forces may act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law by the Court of Criminal Appeals. In a case which the Judge Advocate General orders sent to the Court of Appeals for the Armed Forces, that action need be taken only with respect to the issues raised by him. In a case reviewed wpon petition of the accused, that action need be taken only with respect to issues specified in the grant of review. The Court of Appeals for the Armed Forces shall take action only with respect to matters of law.
(Emphasis added.)
We have further promulgated a rule for our Court concerning the scope of our review, which states:
Rule 5. Scope of Review
The Court acts only with respect to the findings and sentence as approved by reviewing authorities, and as affirmed or set aside as incorrect in law by a Court of Criminal Appeals, except insofar as it may take action on a certificate for review or a petition for review of a decision by a Court of Criminal Appeals on appeal by the United States under Article 62, UCMJ, 10 USC § 862 (1983), or to grant extraordinary relief in aid of its jurisdiction, including the exercise of its supervisory powers over the administration of the UCMJ. The Court may specify or act on any issue concerning a matter of law which materially affects the rights of the parties.
(Emphasis added.) In my view, these legal authorities give this Court discretion to examine the underlying legal error, even if counsel does not make a plain error argument in his brief before this Court.
Finally, with respect to our decisional law, this Court in United States v. Johnson, 42 MJ 443, 446 (1995), clearly said: “It is solely within this Court’s discretion under Article 67 to determine whether an issue is properly raised.” See also Silber v. United States, 370 U.S. 717, 82 S.Ct. 1287, 8 L.Ed.2d 798 (1962); DeRoo v. U.S., 223 F.3d 919, 926 (8th Cir. 2000). In Johnson, we held that our review of a legal issue for good cause was not precluded by the appellant’s failure to raise that issue before a Court of Criminal Appeals. Similarly, the failure of counsel to challenge the holding of the appellate court below in our Court should not defeat this Court’s jurisdiction. We have always had the discretionary power to review plain error questions on our own motion. See Eugene R. Fidell, Guide to the Rules of Practice and Procedure for the United States Court of Appeals for the Armed Forces, 34-35 (9th ed.2000); Homer E. Moyer, Jr., Justice and the Military § 2-795 at 636 (1972).

 Admittedly, the Supreme Court in Rose v. Clark, 478 U.S. 570, 576 & n. 5, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1985), construed its "limited” grant of review on "harmless-error analysis” more narrowly and declined to look at the underlying legal error. However, it did so on the basis of Rule 14.1 of its own practice and procedure rules, which is not mirrored in our Court’s rules. ("Only the questions set out in the petition, or fairly included therein, will be considered by the Court.”) Moreover, the Supreme Court has also recognized that decisions of this type are discretionary in nature, depending on the wording of the particular issue granted and the manner in which it was granted. See Robert L. Stern et al., Supreme Court Practice, 190-95, 419-27, 635-36 (8th ed.2002); see also Sup.Ct. Rule 24.1(a) ("At its option, however, the Court may consider a plain error not among the questions presented but evident from the record and otherwise within its jurisdiction to decide.”).