Darlene BAGSBY and Jacqueline
Pruitt, Plaintiffs,

v.

The ST. LOUIS BOARD OF POLICE
COMMISSIONERS, et al.,
Defendants.

No. 88–1922 C (5).

United States District Court,
E.D. Missouri, E.D.

Feb. 14, 1992.

probable cause. The jury found for plaintiff Pruitt, however, on the issue of using excessive force against her and failing to prevent the use of excess force against her during the course of her arrest. The jury found for defendants, however, on plaintiff Pruitt's claim of excessive force against her after being detained. On plaintiff Pruitt's state law battery claim against defendant Haman, the jury found in favor of plaintiff Pruitt. Against defendant Haman, the jury assessed actual damages of $342.30 and $5,000 punitive damages. Against defendant Long, the jury assessed no actual and $5,000 punitive damages.

Plaintiffs seek attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. The Act provides that in a federal civil rights action, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988.

Linda Murphy, Steven K. Brown, St. Louis, Mo., for plaintiffs.

John J. Fitzgibbon, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

LIMBAUGH, District Judge.

This matter is before the Court on plaintiffs' motion for attorney's fees. Defendant filed a memorandum in opposition to plaintiffs' motion to which plaintiffs replied.

Plaintiff Darlene Bagsby and her daughter, Jacqueline Pruitt, filed this action against two St. Louis police officers and the St. Louis Board of Police Commissioners for excessive use of force during the arrest of Ms. Pruitt.[1] They alleged various constitutional and state tort law violations.

The case was tried to a jury on March 11–14, 1991. With regard to plaintiff Bagsby's claims, the jury found for defendant Haman on her excessive force claim and for plaintiff on her battery claim. The jury assessed no actual or punitive damages. With respect to plaintiff Pruitt, the jury found in favor of both defendants on the issue of arresting plaintiff Pruitt without

Defendants contend that plaintiffs were not prevailing parties within the meaning of the statute. Plaintiffs, however, do not have to succeed on every issue raised to be considered a prevailing party. Rather, parties " 'may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit.' " *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (citation omitted).

Plaintiff Pruitt succeeded on a significant issue in the lawsuit: that a police officer used excessive force against her in effectuating her arrest and that a second officer failed to prevent that use of excessive force. She also prevailed on her claim against defendant Haman for battery. Accordingly, she is a "prevailing party" within the meaning of 42 U.S.C. § 1988. Plaintiff Bagsby prevailed on her battery claim against defendant Haman, although the jury found against her on her excessive force claim. Accordingly, plaintiff Bagsby

1. The Court granted a directed verdict in favor of the members of the St. Louis Board of Police Commissioners.

was a prevailing party for purposes of the statute.

To calculate attorney's fees, the Court must first ascertain the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). This yields the "lodestar" which then may be adjusted upward or downward depending upon a variety of other factors.

Plaintiffs' counsel is entitled to the current market rate for all time reasonably spent on this matter. *Missouri v. Jenkins,* 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1980). Plaintiffs seek $150/hour multiplied by 185.71 for the services of attorney Steven K. Brown and by 229.50 hours for the services of attorney Linda Murphy. Plaintiffs' initial motion for attorney's fees seeks a total of $56,010.00.

Based on the experience and qualifications of counsel, the Court finds that $125 per hour is a reasonable fee in this case. Plaintiffs claim a total of 415.21 hours of attorney time. The hourly rate of $125 per hour multiplied by 415.21 hours of attorney time yields a lodestar of $51,901.25. This calculation represents only an initial estimate of counsel's services. *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939. The Court will exclude from this initial fee calculation hours that were not "reasonably expended." *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939. Two attorneys jointly prepared this case for plaintiffs. Their time records show substantial duplication of efforts. Accordingly, the Court will reduce the total number of hours claimed to 350 hours to account for the duplication of efforts. The reasonable rate of $125 per hour multiplied by 350 hours reasonably expended yields $43,750.00.

This does not end the inquiry, however. Other considerations may lead to an upward or downward adjustment. *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939–40. Defendants seek a downward adjustment for the results obtained because plaintiffs put forth unsuccessful claims.

In this case, both plaintiffs were deemed "prevailing" although they succeeded on only some of their claims for relief. The Court directed a verdict for the defendants St. Louis Board of Police Commissioners and the plaintiffs deducted time spent on those claims from their fee application. The remaining claims for relief involved a common core of facts and were based on related legal theories. *Hensley,* 461 U.S. at 435, 103 S.Ct. at 1940. In such a case,

> [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Hensley,* 461 U.S. at 435, 103 S.Ct. at 1940.

In this case, plaintiff Pruitt succeeded on some, but not all of her claims. The jury awarded plaintiff Pruitt $342.30 in actual damages and a total of $10,000 in punitive damages. Plaintiff Bagsby prevailed on her battery claim, but failed on her claim for excessive force. The jury awarded her no damages. These two women set out to prove that two police officers physically abused them in the course of arrest. It was a difficult case to prove. The jury awarded substantial punitive damages in relation to the actual damages found. Nonetheless, plaintiffs did not achieve a level of success that makes the hours reasonably expended a satisfactory basis for a fee award. To adjust for plaintiffs' limited success, the Court will reduce the fee of $43,750.00 by one-third to $29,166.67.

Plaintiffs seek an upward adjustment based on the contingent fee nature of the case. Plaintiffs have the burden of justifying her entitlement to an enhancement for the contingent nature of the litigation. *Morris v. American Nat'l Can Corp.,* 941 F.2d 710, 715 (8th Cir.1991) (citations omitted). A prevailing party is entitled to a contingency enhancement upon proof of two factors: first, that the relevant market compensates for contingency

cases as a class; and, second, that without an adjustment for risk the prevailing party would have faced substantial difficulties in finding counsel in the local or other relevant market. *Pennsylvania v. Delaware Valley Citizens' Council for Clear Air,* 483 U.S. 711, 733, 107 S.Ct. 3078, 3089–90, 97 L.Ed.2d 585 (1987); *Morris,* 941 F.2d at 715.

In support of their motion, plaintiffs filed affidavits from other St. Louis attorneys stating that the St. Louis market does add a premium for contingency and that enhancement of the lodestar in a civil rights case is necessary to attract competent counsel. *See Morris,* 941 F.2d at 715–17. The Court concludes that plaintiffs met their burden to show that they are entitled to an enhanced fee award. Therefore, the Court will multiply the figure of $29,166.67 times one and one-half as an upward enhancement for contingency. Plaintiffs shall be awarded $43,750.00 in attorney's fees.

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion for attorney's fees is GRANTED. Plaintiffs shall be awarded attorney's fees in the amount of Forty–Three Thousand, Seven Hundred Fifty and No/100 dollars ($43,750.00).