794 F.Supp. 321 (1992)
Jacquelyn MORRIS, Plaintiff,
v.
AMERICAN NATIONAL CAN CORPORATION, et al., Defendants.
No. 87-1161-C(3).
United States District Court, E.D. Missouri.
June 5, 1992.
Michael J. Hoare & Associates, P.C., Michael J. Hoare, St. Louis, Mo., for plaintiff.
Bryan Cave, One Metropolitan Square, St. Louis, Mo., for defendants.

ORDER
HUNGATE, District Judge.
This matter is before the Court on remand from the United States Court of Appeals for the Eighth Circuit on the issue of whether plaintiff is entitled to enhancement of the attorneys' fee award. The Court awarded plaintiff attorneys' fees on June 25, 1990, in the amount of $61,608.00. Plaintiff had sought a contingency risk enhancement of 100%, but the Court declined to enhance the award by any multiplier. Plaintiff appealed the refusal to enhance. The Eighth Circuit remanded the enhancement issue to this Court with directions to make "specific findings under the two factors set forth in [Pennsylvania v. Del. Valley Citizens Council for Clean Air, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987), hereinafter] Delaware Valley II" and "an overall reasonableness determination as explained in Delaware Valley II, 483 U.S. at 732-33, 107 S.Ct. at 3090, and Blanchard v. Bergeron, [489 U.S. 87] 109 S.Ct. [939] at 944 [103 L.Ed.2d 67 (1989)]." Morris v. American National Can Corp., 952 F.2d 200, 207 (8th Cir.1991).
The Court of Appeals further indicated that "[t]he district court, in its discretion, may take additional evidence before its findings on remand." Id. The Court reviewed the parties' submissions related to *322 plaintiff's original fee motion filed on December 28, 1989. After considering plaintiff's exhibits and affidavits (said discussion being incorporated herein), on March 10, 1992, the Court directed plaintiff's counsel to submit any information relating to attorneys and/or law firms in the St. Louis Standard Metropolitan Statistical Area ("SMSA") who, within the last five years, have received enhancements of 100% to 500%. On May 21, 1992, the Court heard argument and received supplemental evidence relating to the enhancement issue.
In determining the reasonableness of an attorneys' fee award enhancement, Justice O'Connor set forth certain constraints on a court's discretion. The factors a court should consider are (1) whether "the relevant market compensates for contingency cases as a class," see Morris, supra, 952 F.2d at 204; and (2) whether "without an adjustment for risk the prevailing party `would have faced substantial difficulties in finding counsel in the local or other relevant market.'" Id.; Delaware Valley II, supra, 483 U.S. at 733, 107 S.Ct. at 3090. The "overall reasonableness determination" of a fee award, as set forth by Justice O'Connor, "must be not merely justifiable in theory, but also objective and non-arbitrary in practice." Delaware Valley II, supra at 732, 107 S.Ct. at 3090; see Blanchard v. Bergeron, 489 U.S. 87, 93-94, 109 S.Ct. 939, 944-945, 103 L.Ed.2d 67 (1989).
In the present case, in order to prove entitlement to enhancement due to risk of loss, plaintiff must establish how the St. Louis market for legal services compensates for such risk, and that plaintiff would have faced substantial difficulties in finding counsel without the prospect of enhancement. See Morris, supra at 204; Delaware Valley II, supra, 483 U.S. at 731, 107 S.Ct. at 3089. As noted in this Court's order of March 10, 1992, several of the supporting affidavits submitted by plaintiff assert that many St. Louis area attorneys are compensated for the risk of loss in contingency fee cases through enhanced hourly rates. At the May 21 hearing, however, plaintiff was unable to present to the Court any cases involving St. Louis civil rights attorneys in which the overall fee award was enhanced by any multiplier.
The Court finds that compensation of St. Louis area plaintiff's attorneys for the risk of loss assumed in contingent fee cases occurs infrequently. However, recent decisions in the St. Louis area indicate a developing trend of enhancement of the fee award for prevailing plaintiffs. See generally Morris, supra at 206; Bagsby v. St. Louis Board of Police Commissioners, 783 F.Supp. 1214 (E.D.Mo.1992) (lodestar multiplied by one and one-half); Kientzy v. McDonnell Douglas Corporation, No. 90-0584C(1), 1992 WL 196769 (E.D.Mo., May 26, 1992) (enhancement of 50% to compensate plaintiff's counsel for the risk of loss). Accordingly, the Court recognizes that the St. Louis legal services market compensates for contingency cases as a class with the availability of enhancement for the risk assumed.
Plaintiff has submitted numerous affidavits establishing that St. Louis civil rights attorneys are reluctant to undertake employment discrimination and other civil rights cases because the cases are often risky, lengthy, and clients typically are unable to afford even a fraction of the ultimate fee. Plaintiff presented the affidavit of attorney Bruce Feldacker, who declined to represent plaintiff in the present case because of the "high risk" and prospect of inadequate compensation. The appellate court reviewed this and other evidence presented by plaintiff in the original fee motion and concluded that "[a]lthough Morris is not required to show that she actually faced substantial difficulty in retaining counsel ..., Morris did make such a showing." Morris, supra at 205 (citation omitted).
Having considered the Delaware Valley II factors and the circumstances of this action, the Court finds that some enhancement is appropriate to compensate plaintiff's counsel for the risk of loss. Plaintiff's counsel seeks enhancement of 100%. The Court is unwilling to provide such an enhancement in this case. Judgment was entered for plaintiff in the amount of $16,214.90. Plaintiff's counsel was awarded reasonable fees in the amount of $61,608.00, *323 and now seeks twice that amount, or $123,216.00, plus supplemental fees relating to proceedings on the remanded enhancement issue. By way of comparison, the Court notes that in Kientzy, supra, plaintiff received a total award of over $500,000.00, while plaintiff's counsel received $142,172.02 (after 50% enhancement) in attorneys' fees. In determining an appropriate enhancement, the Court is mindful of recent comments made by the newly-elected president of the Bar Association of Metropolitan St. Louis, Mark H. Levison, Esq. He is quoted as saying:
My administration will concentrate on defending lawyers against unfair criticism, and working with the community and lawyers to improve legal services where those criticisms are justified.
The criticisms are particularly appropriate in regard to the escalating cost of legal services.
St. Louis Daily Record at 1 (Apr. 8, 1992) (emphasis added). Based on the above considerations, the Court finds that a 50% enhancement is appropriate in this case, and the original fee award of $61,608.00 shall be so enhanced, for a total of $92,412.00. Plaintiff has directed the Court's attention to Magistrate David D. Noce's decision in Kientzy, supra, in which a 50% enhancement constituted reasonable compensation. (See plaintiff's counsel's letter to the Court dated June 1, 1992).
Plaintiff also seeks supplemental fees in the amount of $17,126.00 for the compensable efforts expended on matters in this Court during the period February 21, 1990, through April 13, 1992. Plaintiff sets forth the following figures in support of this request:

Attorney/Paralegal Hours Rate Total
Michael D. Hoare 60.1 × $190.00 = $11,419.00
John D. Lynn 14.2 × $150.00 = $ 2,130.00
Rhonda K. Webb 19.7 × $125.00 = $ 2,462.50
Lois Spritzer 1.2 × $100.00 = $ 120.00
Nancy Collins (paralegal) 15.3 × $ 65.00 = $ 994.50
 ___________
 Lodestar: $17,126.00

Plaintiff's counsel attaches a summary statement of professional services and time slips in support of the request. Plaintiff's counsel seeks a 100% enhancement on this amount as well.
Generally, defendants object to any supplemental award to plaintiff's counsel for "efforts to increase his own fee." Defendants object to plaintiff's "grossly excessive" hours, plaintiff's counsel's increased hourly rate, and time spent on matters outside the scope of this case. Defendants oppose any award of fees for this period.
In fact, although the appellate court has affirmed the $61,608.00 award of fees for plaintiff's attorney, with the question of enhancement to be determined later, and recognizing this plaintiff has successfully pursued this cause since 1987 and that as of May 31, 1982, $68,431.14 is in the Court's registry, defendants nonetheless object to payment of any portion of this amount to plaintiff's counsel pending final ruling on the enhancement question. It is as though defendants oppose payment of any portion of plaintiff's attorneys' fees until after the dog has learned to eat hay.
Having reviewed plaintiff's submissions, the Court concurs with defendants' objection to Mr. Hoare's hourly rate. Mr. Hoare's fees are calculated at $190.00 per hour for the supplemental period which includes over eight months during which his standard hourly rate was $175.00. Furthermore, the contract between Mr. Hoare and plaintiff called for an hourly rate of $150.00 per hour. Taking into account the lost value of Mr. Hoare's fee due to delay in payment, see Delaware Valley II, supra, 483 U.S. at 716, 107 S.Ct. at 3082, the Court finds it reasonable to award Mr. Hoare *324 $175.00 per hour for the entire supplemental period, including those four and one-half months during which his hourly rate was $190.00 per hour. The Court finds the hourly rates of attorneys John D. Lynn, Rhonda K. Webb, and Lois Spritzer, and paralegal Nancy Collins, to be reasonable.
With respect to plaintiff's counsel's submitted total of compensable hours, defendants make a specific objection to an entry of 2.0 hours by Nancy Collins on January 15, 1992, and vaguely object to any entries relating to conferences with American National Can attorney Vicki Marshall. Defendants assert that Ms. Marshall is investigating new allegations of harassment by plaintiff unrelated to the present case. The Court notes only three entries which mention Ms. Marshall totalling 3.5 hours. These amounts shall be deducted in the following manner: 2.5 hours deducted from Nancy Collins' total; 1.0 hour deducted from Michael Hoare's total.
Accordingly, the Court finds plaintiff's counsel's supplemental attorneys' fees for the period February 21, 1990, through April 13, 1992, to be reasonable in the following amount:

Attorney/Paralegal Hours Rate Total
Michael D. Hoare 59.1 × $175.00 = $10,342.50
John D. Lynn 14.2 × $150.00 = $ 2,130.00
Rhonda K. Webb 19.7 × $125.00 = $ 2,462.50
Lois Spritzer 1.2 × $100.00 = $ 120.00
Nancy Collins (paralegal) 12.8 × $ 65.00 = $ 832.00
 __________
 Lodestar: $15,887.00

The Court declines to enhance this supplemental award of fees by any amount as this fee request was unrelated to the litigation of plaintiff's claims, but rather was related to time spent on enhancing the previous fee award.
After consideration,
IT IS HEREBY ORDERED that plaintiff's request for enhancement of the $61,608.00 attorneys' fee award for the period January 1987 through February 21, 1990, is granted so that said amount shall be enhanced 50%, for a total of $92,412.00.
IT IS HEREBY FURTHER ORDERED that plaintiff's second supplemental motion for attorneys' fees for the period February 21, 1990, through April 13, 1992, is granted in the amount of $15,887.00.
IT IS HEREBY FURTHER ORDERED that plaintiff's request for enhancement of the supplemental fee award is denied.
IT IS HEREBY FURTHER ORDERED that plaintiff's total fee award for the entire litigation of this matter, including the above enhancement, is $108,299.00, to be paid by defendants American National Can Corporation and Glen Besore only.