**UNION TANK CAR COMPANY,**
Plaintiff-Appellee,

v.

**Jakob ISBRANDTSEN, Defendant-Appellant,**

**American Export Industries, Inc., Third-Party Defendant-Appellant.**

**Nos. 258, 259, Docket 33765, 33766.**

United States Court of Appeals
Second Circuit.

Argued Sept. 8, 1969.

Decided Sept. 12, 1969.

Joseph Lotterman New York City (John D. Fassett, New Haven, Conn. and John Borst, Jr., Chicago, Ill., of counsel), for plaintiff-appellee.

Raymond J. Devlin, Hartford, Conn., for defendant-appellant.

Ralph G. Elliot, Hartford, Conn., for third-party defendant-appellant.

Before LUMBARD, Chief Judge, and SMITH and FEINBERG, Circuit Judges.

PER CURIAM:

Union Tank Car Company sued Ward Industries (corporate predecessor of American Export Industries) for damages for breach of a missile site construction subcontract. The litigation which had been instituted in Illinois and removed to Arizona was settled on an agreement by Ward to pay $1,000,000 on or before September 30, 1964, evidenced by a note guaranteed by Isbrandtsen, with other provisions not here material, and to pay reasonable attorneys' fees, costs and expenses incurred by Union in enforcement of the guarantee or the collection of any of the liability of Ward and Isbrandtsen. Union sued in Arizona on the settlement agreement and recovered judgment in the District Court, reversed in the Court of Appeals for the Ninth Circuit for lack of jurisdiction of the person by reason of inadequate service of process. Thereafter in suit on the settlement agreement filed in the meantime in the District of Connecticut, judgment entered in favor of Union against Isbrandtsen and American Export in the amount of $1,337,916.60 together with costs and attorneys' fees to be fixed by further order of court. A cross-claim by American Export was dismissed. The court entered an order for final judgment pursuant to Rule 54(b) Fed.R. Civ.P. certifying that there was no just reason for delay and directing entry of final judgment. Appeal was taken by Isbrandtsen and American Export. Following our decision in Aetna Casualty & Surety Co. v. Giesow, 412 F.2d 468 (June 17, 1969), appellants moved to determine appealability.

We hold that *Giesow* ruling applicable here, and dismiss the appeal from the money judgment in favor of Union as premature. The claim under the settlement agreement includes attorneys' fees and expenses provided for in the agreement itself and should be fully determined before judgment on the agreement and guarantee may become final. The meaning of these provisions is in substantial dispute, some $100,000 in claimed attorneys' fees in the various proceedings being involved. Determination of the principal portion of the claim on the present appeal, if appellee is successful, will inevitably result in further appeals on attorneys' fees and expenses and defeat the established federal policy against piecemeal appeals.

Where attorneys' fees are a mere incident of the litigation itself, particularly when measured in part by the creation of a fund in that litigation, they may often await the outcome of the litigation on trial and appeal. Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1938). Where they are dependent on a contract under construction by the court in the litigation, as here, the contract may more usefully be completely construed on one trial and appeal, and the matter be considered a unitary claim in considering appealability.

█ The appeal from the money judgment in favor of Union is dismissed as premature.

█ The dismissal of the cross-claim of American Export is a final determination of a claim and is properly before us. In view of our determination on Union's claim, however, we think it best to remand the cross-claim for further consideration of whether under these circumstances there is not just reason for delay in the entry of judgment on the cross-claim. The judgment dismissing the cross-claim is vacated and the matter is remanded to the District Court. We suggest that the hearing on the attorneys' fees and costs be expedited.