Lillie Bell JOHNSON, Marion Freeman and Addie Fortson, on their own behalf and on behalf of all others similarly situated,

and

Gertrude Lanham, Ruth Kingston and Lillie McGhee, Plaintiffs-Appellees,

v.

UNIVERSITY OF BRIDGEPORT and Local 1199, Drug and Hospital Union, Defendants-Appellants.

Lillie Bell JOHNSON, Marion Freeman and Addie Fortson, on their own behalf and on behalf of all others similarly situated,

and

Gertrude Lanham, Ruth Kingston and Lillie McGhee, Plaintiffs-Appellees,

v.

UNIVERSITY OF BRIDGEPORT, Defendant-Appellant.

Docket 80–7350, 80–7374.

United States Court of Appeals, Second Circuit.

Motion to Dismiss Argued June 17, 1980.

Decided Aug. 28, 1980.

Dion W. Moore, Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for defendant-appellant University of Bridgeport.

Mary Ellen Wynn, Stamford, Conn., for plaintiffs-appellees.

Before OAKES and VAN GRAAFEILAND, Circuit Judges, and NICKERSON, District Judge.*

PER CURIAM:

While it is unusual for this court to write an opinion on a purely procedural matter, it appeared to us that it would be helpful to clarify whether statutorily authorized attorneys' fees, here under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k), and under the Equal Pay Act of 1963, 29 U.S.C. § 216(b), are to be treated like contractually stipulated fees, hence barring an appeal prior to determination of them, or whether they are more "collateral" in nature and thus do not affect the finality of a judgment for purposes of appeal. We hold the former for reasons that appear below, and therefore deny the motion to dismiss the appeal.

* Of the United States District Court for the Eastern District of New York, sitting by designation.

Suit was brought in the United States District Court for the District of Connecticut, T. F. Gilroy Daly, Judge, on behalf of a class of women employed as maids by the defendant University of Bridgeport, appellant here. Two separate actions were involved, one making a claim under the Equal Pay Act, 29 U.S.C. § 206(d)(1), and the other under Title VII. The two were consolidated for trial but bifurcated as to issues of liability and damages. The University was found liable and judgment was entered on November 27, 1979, after a remedy hearing. The court granted back pay, but was silent on the issue of attorneys' fees, even though these were among the remedies sought in the original complaints. Within the ten days allowed by Fed.R. Civ.P. 52(b) and 59(e), the University filed a motion to amend the court's findings and judgment. On March 28, 1980, the court wrote a notation on its copy of the motion papers granting an amendment of the *opinion* but denying the motion "in all other respects." This ruling was entered by the clerk on March 31, although appellant says it received no notification of this. The attorneys' fees issue was heard on March 28 and decided on April 15. On May 2, appellant moved for clarification of the previous amending order and, on May 7, won an alteration of the court's *judgment*, as well as the opinion. The University filed its notice of appeal on May 8.

If we were to assume that the original November 27, 1979, judgment was final, then it could not, of course, be appealed on May 8. Although the University's motion to amend tolled the thirty-day filing deadline under Fed.R.App.P. 4(a), a new thirty-day period begins to run upon the "entry" of an "order" "granting or denying a motion" under Rules 52 or 59. Here, the March 31 ruling by Judge Daly clearly disposed of the University's post-judgment motion. Whether or not the judge intended an alteration of the judgment itself, the running of the appeal time limit began on March 31, not some later date. The deadline had come and gone before the May 2 motion for clarification and before the May 8 notice of appeal. As for possible equita-

ble considerations, under Fed.R.App.P. 4(a) they can only form the basis of a thirty-day extension granted by the *district* court. *See also Fase v. Seafarers Welfare and Pension Plan*, 574 F.2d 72, 76–77 (2d Cir. 1978) (*Fase I*) (failure of clerk to notify party of filing of judgment found not sufficient to excuse lateness of appeal).

■ But all the above depends on the assumption that the November 27 judgment was itself final and appealable. The question is whether there was an appealable judgment before the attorneys' fees issue was decided. At least in cases where attorneys' fees are a contractually stipulated element of damages, this circuit has established a rule barring an appeal prior to a fee determination. *Union Tank Car Co. v. Isbrandtsen*, 416 F.2d 96, 97 (2d Cir. 1969) (per curiam); *Aetna Casualty & Surety Co. v. Giesow*, 412 F.2d 468, 470 (2d Cir. 1969); cf. *Acha v. Beame*, 570 F.2d 57, 62 (2d Cir. 1978) (partial summary judgment reserving consideration of further relief not "final"); *Cinerama, Inc. v. Sweet Music, S.A.*, 482 F.2d 66, 69–70 (2d Cir. 1973) (appeal improper after entry of judgment for principal, but before adjudication of prejudgment interest). These cases are usually distinguished from cases where "attorneys' fees are a mere incident of the litigation itself, particularly when measured in part by the creation of a fund in that litigation." *Union Tank Car*, 416 F.2d at 97; see *Sprague v. Ticonic National Bank*, 307 U.S. 161, 168–70, 59 S.Ct. 777, 780–81, 83 L.Ed. 1184 (1939); *Fase v. Seafarers Welfare and Pension Plan*, 589 F.2d 112, 114 n.3 (2d Cir. 1978) (*Fase II*).

Thus, the question turns on whether statutorily authorized attorneys' fees should be treated like contractually stipulated fees, or whether they are "collateral" and therefore may be handled *after* a final, appealable judgment on issues of liability and damages. While we think the case is very close, we adopt the former approach. In this case, fees are just another part of the relief sought by the plaintiffs. This is not a case where a party or his lawyer is seeking to obtain reimbursement out of a fund that

has already been created. *See id.* (fees characterized as "collateral" if coming from a fund or if it is the lawyer himself seeking reimbursement). Support for this view can be found in two discrimination cases, *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976), and *Richerson v. Jones*, 551 F.2d 918 (3d Cir. 1977). In *Wetzel*, the Court listed attorneys' fees among several unresolved remedial issues that rendered the district court's liability ruling unappealable. 424 U.S. at 742, 96 S.Ct. at 1205. And in *Richerson*, the Third Circuit, citing *Wetzel*, expressly held that a judgment is not final until fees are set. 551 F.2d at 922 (distinguishing the Seventh Circuit's more limited view in *Swanson v. American Consumer Industries, Inc.*, 517 F.2d 555, 561 (7th Cir. 1975) (derivative stockholder's fee claim against corporation deemed "incidental to the main litigation")). *But see Hidell v. International Diversified Investments*, 520 F.2d 529, 532 n.4 (7th Cir. 1975) (following *Swanson*). This is true even though on appeal the appellee may lose or may, if he prevails, seek fees for the appeal.

Deciding that the attorneys' fees issue was not "collateral" in this case, one problem nevertheless remains. Arguably, when the court issued its final judgment on all other issues in November 1979, the district court acted improperly in reserving the fee issue for a later date. Under the Fourth Circuit's approach in *DuBuit v. Harwell Enterprises, Inc.*, 540 F.2d 690, 692–93 (4th Cir. 1976), we might decide that the November judgment (as amended on March 31, 1980) was, nevertheless, final, and that the consequence of the court's error should be invalidation of the subsequent fee award. But such an approach would clearly be unjust, because the plaintiffs sought fees from the very beginning and the delay occurred only because the court wanted to hear that issue separately.

■ We thus hold that the court's intentional reservation of the fee issue rendered its judgment non-final until April 15, 1980, thereby requiring denial of the instant motion to dismiss the appeal. *Cf. United*

States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 233, 78 S.Ct. 674, 678, 2 L.Ed.2d 721 (1958) (the intent of the court is the key factor in determining whether a decision should be treated as a final judgment). Attorneys' fees were an integral part of the relief sought by appellees and therefore judgment was not final and appealable until they had been set by the court.

Motion denied.