776 F.2d 1563
 3 Fed.R.Serv.3d 472, 6 Employee Benefits Ca 2575
 F.H. KREAR & CO., a corporation, Plaintiff-Appellee,
v.
NINETEEN NAMED TRUSTEES, as Trustees of Local 69 Pension
Fund, Local 69 Vacation Fund, and Local 69 Health
Benefit Fund, et al., Defendants/Third
Party Plaintiffs/Fourth Party
Plaintiffs-Appellants,
HOTEL AND RESTAURANT EMPLOYEES AND BARTENDERS INTERNATIONAL
UNION PENSION FUND, et al.,
Defendants/Counterclaim Plaintiffs-Appellants,
v.
Anthony GRAUSO, individually and d/b/a Software & Systems
Development Co., a partnership, Third Party
Defendants-Appellees,
Robert Mozer, Third Party Defendant, Fourth Party Defendant-Appellee.
 No. 194, Docket 85-7206.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 21, 1985.
Decided Nov. 18, 1985.
 
 Lewis M. Steel, New York City (Richard F. Belman, Steel & Bellman, P.C., Ira Drogin, Leaf Sternkar & Drogin, New York City, of counsel), for appellant Nineteen Named Trustees.
 Douglas Kramer, New York City (Marilyn Go, Baden Kramer Huffman & Brodsky, P.C., Harvey M. Katz, New York City, of counsel), for plaintiff-appellee F.H. Krear & Co.
 Michael G. Berger, New York City (Miriam J. Haines, of counsel), for third party defendant-appellee Grauso.
 Before OAKES, NEWMAN and KEARSE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants below ("Trustees") appeal from a judgment of the United States District Court for the Southern District of New York, Shirley Wohl Kram, Judge, entered in favor of plaintiff and third-party defendants in this breach of contract case. Because no final judgment has been entered in the district court, we dismiss the appeal.
 
 
 2
 F.H. Krear & Co. ("Krear") brought suit to recover for the damages it claims to have suffered through defendants' breach of three contracts with it. The Trustees subsequently served a third party complaint against Anthony Grauso, their computer consultant, for failure to perform his contractual duties and for participation in the allegedly fraudulent scheme to obtain contracts for Krear. Grauso counterclaimed against the Trustees for terminating his five-year consulting contract.
 
 
 3
 The district court bifurcated this case into a trial on the merits and a trial on the amount of contractually stipulated attorneys' fees to be awarded to the prevailing party. The trial on the merits resulted in a verdict in favor of Krear and Grauso. The court held the Trustees liable to Krear for $363,183 and to Grauso for $53,104. A decision on the attorneys' fees issue has not, however, been rendered, and the lack of such a decision makes it necessary to dismiss this appeal for lack of a final judgment. We have held that where attorneys' fees are a contractually stipulated element of damages, a judgment is not final until the fees have been determined. See Johnson v. University of Bridgeport, 629 F.2d 828 (2d Cir.1980); Union Tank Car Co. v. Isbrandtsen, 416 F.2d 96 (2d Cir.1969); Aetna Casualty & Surety Co. v. Giesow, 412 F.2d 468 (2d Cir.1969). The Supreme Court's recent decision in White v. New Hampshire Department of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), is inapposite since it concerns awards of attorneys' fees pursuant to statute, rather than contract, and it does not lead us to abandon our clear rule that contractually stipulated awards must be determined before a judgment is final. Regarding the determination of fees, we call the district court's attention to the proposition that the parties have a right to a jury trial on the fees issue provided that such a trial is properly demanded and the right not waived. See Gargiulo v. Delsole, 769 F.2d 77 (2d Cir.1985); Fed.R.Civ.P. 39(a).
 
 
 4
 In the interests of judicial economy, when the appeal is perfected it shall, if practicable, be submitted to this panel, which has already heard oral argument, without further oral argument or the submission of additional papers except as to the issue of attorneys' fees.
 
 
 5
 Appeal dismissed for the reasons stated above.