21 F.3d 952
 28 Fed.R.Serv.3d 765
 UNITED STATES of America, for the Use and Benefit of
FAMILIAN NORTHWEST, INC., d/b/a Alaska Pipe &
Supply, and Familian Northwest, Inc.,
d/b/a Alaska Pipe & Supply,
Plaintiff-Appellant,
v.
RG & B CONTRACTORS, INC. and Fireman's Fund Insurance
Company, Defendants-Appellees.
 No. 92-36742.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 2, 1994.
Decided April 13, 1994.
 
 Robert K. Stewart, Jr., Davis Wright Tremaine, Anchorage, AL, for plaintiff-appellant.
 I. Franklin Hunsaker, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, OR, for defendant-appellee Fireman's Fund Ins. Co.
 Appeal from the United States District Court for the District of Alaska.
 Before: GOODWIN, SCHROEDER, and NORRIS, Circuit Judges.
 Opinion by Judge GOODWIN.
 GOODWIN, Circuit Judge:
 
 
 1
 Familian Northwest, Inc. ("Familian"), a successful litigant in an action to recover against a defaulting contractor's bonding company, discovered a month after the judgment had been once amended that it had overlooked some invoices, which, if they had been timely presented in the district court, would have resulted in an enhanced judgment. Familian now appeals the denial of its motion to reopen under Federal Rule of Civil Procedure 59(e), and its motions for relief from judgment under Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6). The appeal presents two issues, one of timeliness, and the other a review of "excusable neglect."
 
 
 2
 The district court held that the Rule 59(e) motion had been filed more than ten days after judgment became final and thus was time-barred, that Familian's error which had led to the motion was not the sort of "mistake ... or excusable neglect" contemplated by Rule 60(b)(1), and that Familian had not made a showing that it was entitled to the relief of Rule 60(b)(6). We affirm.
 
 I History
 
 3
 In early 1986, RG & B Contractors, Inc. ("RG & B") purchased materials on credit from Familian. These materials were to be used in various construction projects for the federal government. RG & B failed to repay the debt according to its terms, and Familian sought payment by filing a complaint under the Miller Act[1], 40 U.S.C. Secs. 270a-270f, against RG & B and its surety, Fireman's Fund Insurance Company ("Fireman's").
 
 
 4
 The district court entered a summary judgment in favor of Familian in November of 1991, and an amended judgment on January 17, 1992. The amended judgment did not resolve Familian's claims for attorney's fees; these fees were awarded on February 7, 1992.
 
 
 5
 On February 18, 1992, Familian filed a motion for reconsideration or in the alternative for relief under Federal Rules of Civil Procedure 59(e), 60(b)(1) and 60(b)(6). Familian explained that it had discovered invoices from its Fairbanks office which had been inadvertently omitted from its earlier claims. Familian explained that, as a result of a recent corporate restructuring and the subsequent hiring of a new Anchorage collections officer who was unfamiliar with its previous operations, these invoices had initially been overlooked. The oversight was not detected until after Fireman's began paying the amount awarded by the district court, when Familian's employees set about applying these payments to the proper accounts.
 
 II Timeliness
 
 6
 Motions for relief pursuant to Rule 60(b) are reviewed for abuse of discretion. Northern Alaska Environmental Center v. Lujan, 961 F.2d 886, 889 (9th Cir.1992). A denial of relief pursuant to Rule 59(e) is construed as one denying relief under Rule 60(b), and is likewise reviewed for abuse of discretion. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991).
 
 
 7
 Rule 59(e) states that "[a] motion to alter or amend the judgment shall be served not later than ten days after entry of the judgment." Fed.R.Civ.P. 59(e). "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed.R.Civ.P. 6(a). Familian urges that its Rule 59(e) motion was timely, because it was filed February 18, 1992, within ten days of the February 7 award of attorney's fees. RT & G and Fireman's (collectively "Appellees") maintain that the motion was not timely, because the ten days began to run on the entry of the judgment of January 17.
 
 
 8
 Both sides agree that our decision should focus on the proper interpretation of Budinich v. Becton Dickinson & Co., 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). In Budinich, the Supreme Court considered "whether a decision on the merits is a 'final decision' as a matter of federal law under Sec. 1291 when the recoverability or amount of attorney's fees for the litigation remains to be determined." Id. at 199, 108 S.Ct. at 1720.
 
 
 9
 A unanimous Court held that such a decision is final. The Court observed that the issue in Budinich was whether "the demand for attorney's fees [was] itself part of the merits ...," id. at 200, 108 S.Ct. at 1721 (emphasis in original), and held that "[a]s a general matter, at least, we think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain." Id.
 
 
 10
 Familian urges that Budinich applies only to situations where, as in that case, attorney's fees are authorized by statute or by case law. Since Familian's own claim is for attorney's fees allowed under the terms of its contract, it contends that the rule of Budinich is inapplicable.
 
 
 11
 While this distinction between fees authorized by law and those authorized by contract seems a bit strained, Familian does cite two cases as authority. The first of these, Johnson v. University of Bridgeport, 629 F.2d 828 (2d Cir.1980), was subsequently rejected by the Supreme Court in White v. New Hampshire Dep't of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). In that decision, the Court favored a contrary holding by the Fifth Circuit. " '[A] motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment, but merely seeks what is due because of the judgment. It is, therefore, not governed by the provisions of Rule 59(e).' " Id. at 452, 102 S.Ct. at 1166-67 (quoting Knighton v. Watkins, 616 F.2d 795, 797 (5th Cir.1980)).
 
 
 12
 In light of the White decision, the Second Circuit rejected its own holding in Johnson, even prior to the Supreme Court's holding in Budinich. See Abrams v. Interco Inc., 719 F.2d 23, 26 (2d Cir.1983) ("[O]ur holding in Johnson ... that a judgment for the plaintiff on the merits does not become final under 28 U.S.C. Sec. 1291 until statutory attorneys' fees are fixed can no longer stand in the light of White." Id. at 27.).
 
 
 13
 The second case cited by Familian is Justine Reality Co. v. American Nat'l Can Co., 945 F.2d 1044 (8th Cir.1991), which was decided after Budinich. The court in that case explained, "[i]n essence, we think that Justine sought by its motion to obtain a portion of the contractual benefits in issue, which were part of its substantive claim, and inherent in the merits of the claim." Id. at 1048. The opinion distinguished the facts of that case from Budinich by noting that some of the landlord's attorney's fees arose prior to the litigation. As the opinion explained:
 
 
 14
 Justine's motion properly sought, in part, any costs incurred in sending the certified letters notifying American Can of its default, and any pre-litigation fees for legal advice concerning proper invocation of the terms of the settlement agreement. These costs and fees are to be distinguished from those 'for the litigation' as considered in Budinich.
 
 
 15
 Id. at 1049.
 
 
 16
 Justine Realty ignores Budinich's emphasis on the need for a bright-line rule in order to determine appealability, and we decline to follow the Eighth Circuit's lead. As the Supreme Court explained:
 
 
 17
 [N]o interest pertinent to Sec. 1291 is served by according different treatment to attorney's fees deemed part of the merits recovery; [sic] and a significant interest is disserved. The time of appealability, having jurisdictional consequences, must above all be clear.... Courts and litigants are best served by the bright-line rule, which accords with traditional understanding, that a decision on the merits is a 'final decision' for purposes of Sec. 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case.
 
 
 18
 Budinich, 486 U.S. at 202-03, 108 S.Ct. at 1722.[2]
 
 
 19
 The Eighth Circuit's holding in Justine Realty was considered and rejected by the Seventh Circuit in Continental Bank, N.A. v. Everett, 964 F.2d 701 (7th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 816, 121 L.Ed.2d 688 (1992), and we reject it as well. The Supreme Court's decision in Budinich makes clear that a judgment such as the one at issue in this case is final even though attorney's fees have yet to be awarded, and clearly states that fees associated with the litigation at hand are indeed always collateral. The Tenth Circuit has also adopted this interpretation of Budinich. See Collard v. United States, 10 F.3d 718 (10th Cir.1993).
 
 
 20
 In an effort to distinguish Budinich, Familian implies that attorney's fees authorized by law are the norm, and that fees authorized by contract are an exception, which the Supreme Court failed to consider when issuing its broadly-worded decision. But the text of Budinich plainly belies this claim. After the Court held that attorney's fees are generally not part of the merits, it continued, "[p]etitioner contends, however, that the general status of attorney's fees for Sec. 1291 purposes must be altered when the statutory or decisional law authorizing them makes plain ... that they are part of the merits judgment." Id. at 201, 108 S.Ct. at 1721 (emphasis added). Thus, attorney's fees are collateral whether they are authorized by law or by some other source.
 
 
 21
 Thus, the amended judgment of January 17 was a final judgment, and Familian's Rule 59(e) motion was time-barred. The district court's holding to this effect was correct.
 
 
 22
 III Excusable?
 
 
 23
 Rule 60(b) states, in pertinent part, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment." Familian urges that its motions for relief from the judgment against both RG & B and Fireman's should be granted based on Rule 60(b)(1) or, in the alternative, Rule 60(b)(6).
 
 
 24
 Familian cites Fasson v. Magouirk (In re Magouirk ), 693 F.2d 948 (9th Cir.1982), for the proposition that "[u]nder Rule 60(b), 'excusable neglect' is liberally construed." Id. at 951.[3] Defendants rely on Greenspahn v. Joseph E. Seagram & Sons, 186 F.2d 616 (2d Cir.1951), in which the court declined to exercise its discretion in favor of a party whose "gross negligence" had caused the mistake from which relief was sought. Id. at 619.
 
 
 25
 Defendants have the better of this argument. Even a liberal interpretation of "excusable neglect" will not excuse every error or omission in the conduct of litigation. The district court's decision was well within its discretion. Plaintiff's error was apparently caused by a corporate restructuring; but it cannot possibly be contended that plaintiff was unaware of its own corporate restructuring or unaware of the possibility that such activity could cause some dislocations.
 
 
 26
 At oral argument, Familian's counsel stressed the recent decision in Pioneer Inv. Services v. Brunswick Associates, --- U.S. ----, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), which clarified the interpretation of "excusable neglect" in the analogous context of Bankruptcy Rule 9006(b)(1). Assuming for the moment that the holding in that decision is applicable to the present case, we still believe that Familian's neglect is not excusable.
 
 
 27
 We also note that the neglect at issue in Pioneer was caused by an attorney who emphasized that, at the time of his negligent omission, "he was experiencing 'a major and significant disruption' in his professional life caused by his withdrawal from his former law firm ..." Id. at ----, 113 S.Ct. at 1492. This explanation, which is strikingly similar to Familian's tale of corporate restructuring, did not sway the Supreme Court. Although the Court ruled in favor of respondents on other grounds, it declared that "[i]n assessing the culpability of respondents' counsel, we give little weight to the fact that counsel was experiencing upheaval in his law practice at the time ..." Id. at ----, 113 S.Ct. at 1499. We are equally unpersuaded to excuse Familian's oversight due to its own restructuring.
 
 
 28
 The district court's denial of the Rule 60(b)(1) motion was within its discretion.
 
 
 29
 Familian's final argument is based on Rule 60(b)(6)--a catchall rule for granting relief from final judgments where justice so requires. The district court rejected this claim, stating:
 
 
 30
 Plaintiff has not urged any other reason for relief from the instant judgment beyond its mistake and/or inadvertent failure to apprise the court and defendant of the entirety of the plaintiff's claim. The latter is a Rule 60(b)(1) problem. There is nothing to consider under rule 60(b)(6).
 
 
 31
 Rule 60(b)(6) applies only in "extraordinary" circumstances, Ackermann v. United States, 340 U.S. 193, 203, 71 S.Ct. 209, 214, 95 L.Ed. 207 (1950) where "petitioner's allegations set up an extraordinary situation which cannot fairly or logically be classified as mere 'neglect' on his part." Klapprott v. United States, 335 U.S. 601, 613, 69 S.Ct. 384, 389, 93 L.Ed. 266 (1949). Since Familian's error can be fairly classified as mere neglect, the district court's denial of the motion withstands scrutiny under the abuse of discretion standard.
 
 IV Conclusion
 
 32
 Familian's Rule 59(e) motion was filed more than ten days after the entry of final judgment, and is therefore time-barred. The district judge acted within his discretion when he held that Familian's failure to provide the invoices from its branch office was not "excusable neglect" within the meaning of Rule 60(b)(1). The judge likewise acted within his discretion when he denied relief under Rule 60(b)(6).
 
 
 33
 AFFIRMED.
 
 
 
 [1]
 The Miller Act requires contractors working on federal property to post a payment bond for the benefit of their subcontractors and suppliers who would not be able, as they would be when working on private property, to secure a lien against the property in order to ensure payment
 
 
 [2]
 Of course, where attorney's fees are part of the merits of a claim (e.g. where the damages sought include attorney's fees from a prior litigation), a judgment does not become final until those fees have been quantified. See Deus v. Allstate Ins. Co., 15 F.3d 506 (5th Cir.1994), Vargas v. Hudson County Bd. of Elections, 949 F.2d 665 (3d Cir.1991)
 
 
 [3]
 Although Rule 60(b) was not involved in the case, this court noted that Bankruptcy Rule 924--which was at issue--incorporates most of Rule 60. Id. 693 F.2d at 950 n. 2