95 F.3d 1168
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CMI, INC., Plaintiff-Appellant,
v.
INTOXIMETERS, INC., Macquorn Forrester, Glenn Forrester, and
Rankine Forrester, Defendants/Cross-Appellants,
and
National Patent Analytical Systems, Inc. and John D. Fusco,
Defendants-Appellees.
 Nos. 96-1353, 96-1367.
 United States Court of Appeals, Federal Circuit.
 Aug. 20, 1996.
 
 Before RICH, LOURIE, and CLEVENGER, Circuit Judges.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 Intoximeters, Inc., Macquorn Forrester, Glenn Forrester, and Rankine Forrester (Intoximeters) move to dismiss CMI, Inc.'s appeal as untimely. CMI opposes. We treat Intoximeters' submission entitled "Reply Brief in Support" as a motion for leave to file a reply to CMI's opposition. If CMI's appeal is dismissed, then Intoximeters' cross appeal must also be dismissed.
 
 
 2
 Briefly, on November 16, 1995, the United States District Court for the Western District of Kentucky issued a memorandum opinion and a separate order deciding all of the issues that remained in the case except for CMI's request for attorney fees. Neither party appealed. On April 1, 1996, the district court entered an order denying CMI's motion for attorney fees. This order expressly stated that it was a "final and appealable order." On April 5, 1996, CMI submitted a motion entitled "Motion to Render Decisions Final and Appealable." In its motion, CMI asked the district court to enter an "Order (retroactively applied to April 1, 1996), expressly incorporating the Opinions and Orders entered November 1, 1994 and November 16, 1995, therein, and thereby rendering those Opinions and Orders to be 'final and appealable', as of April 1, 1996." On April 16, 1996, the district court entered CMI's proposed order, which repeated the language of the April 1, 1996 order and stated that the orders previously enumerated were "hereby rendered to be final and appealable." On May 7, 1996, CMI filed a notice of appeal with this court. It is this appeal that is the subject of the present dispute.
 
 
 3
 Intoximeters argues that CMI's appeal is untimely because it was not filed within 30 days of either the district court's November 16, 1995 order on the merits or the district court's April 1, 1996 order denying CMI's motion for attorney fees. See Fed.R.App.P. 4(a); 28 U.S.C. § 2107. Intoximeters asserts that the November 16 order was final and appealable because it disposed of all of the remaining issues with the exception of attorney fees. See Fed.R.Civ.P. 58; Budinich v. Becton Dickinson & Co., 486 U.S. 196, 202-03 (1988) (decision on the merits is a "final decision" whether or not there remains for adjudication a request for attorney fees attributable to the case). Further, Intoximeters argues that CMI's April 5, 1996 motion did not extend the time to appeal because it did not seek a substantive change in the April 1, 1996 order. Federal Trade Comm'n v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211 (1952) (mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought). CMI contends that the time to appeal was extended by the April 15, 1996 order and that this court "effectively ruled" that the appeal was timely because it issued an order granting CMI's motion to reform the official caption.*
 
 
 4
 We determine that CMI's appeal is untimely with respect to both the November 16, 1995 and the April 1, 1996 orders. The bright-line test established by the Supreme Court in Budinich is clearly dispositive with respect to the finality of the November 16, 1995 order. For purposes of finality and appeal, a claim for attorney fees is not part of the merits of the action to which the fees pertain. Budinich, 486 U.S. at 200. Because all issues concerning the merits of the case were resolved by the November 16, 1995 order, that order was final and appealable and triggered the time for appeal. Thus, CMI's appeal on May 7, 1996 was untimely by nearly five months. We note that the primary case cited by CMI, Johnson v. University of Bridgeport, 629 F.2d 828 (2d Cir.1980), predates Budinich and, as noted by Intoximeters, was overruled by the Second Circuit even before the Supreme Court issued its decision. See Abrams v. Interco Inc., 719 F.2d 23, 27 (2d Cir.1983).
 
 
 5
 With respect to the finality of the April 1, 1996 order, we agree with Intoximeters that CMI's April 5, 1996 motion did not extend the time for appeal. The district court's entry of the April 16, 1996 order did not alter CMI's legal rights or obligations under the previous orders, but merely reiterated the final and appealable nature of the previous orders. Such an immaterial change does not enlarge the time for filing an appeal. See Maxus Energy Corp. and Subsidiaries v. United States, 31 F.3d 1135, 1139-40 (Fed.Cir.1994); United States v. Bealey, 978 F.2d 696, 699 (Fed.Cir.1992). Because CMI's appeal was not filed within 30 days of the April 1, 1996 order denying attorney fees, the appeal is also untimely with regard to that order.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) Intoximeters' motion to dismiss CMI's appeal no. 96-1353 is granted.
 
 
 8
 (2) Intoximeters' cross appeal no. 96-1367 is dismissed.
 
 
 9
 (3) Intoximeters' motion for leave to file a reply is granted.
 
 
 10
 (4) Each side shall bear its own costs.
 
 
 
 *
 We note that this court did not address the jurisdictional issue in the order granting CMI's motion to reform the caption