108 F.3d 1384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
COLE FAMILY PARTNERSHIP, a Pennsylvania limited partnership,
Plaintiff-Appellee,
v.
Alan LIPSTEIN, Defendant-Appellant,
and
Philip S. Sindler; Fairbanks Financial Group, Inc., a
California Corporation; Jon Rose; Princeton Fine Art,
Inc., a Nevada Corporation; Princeton Tarryall, Inc., a
Nevada Corporation; Protoqwik, Inc., a Nevada Corporation;
Robert NMN Anderson; William H. Smith; Financial Group,
Inc., a Colorado Corporation; Bernard Sindler; Adams
Securities, Inc., a Nevada Corporation; James William
Adams; Stewart Adams; Al Barney; Center For Advanced
Asset Protection, a California Corporation; Rose Maresa
Molinar; Barry Molinar; Fred Jager, Defendants.
 No. 94-56288.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 17, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alan Lipstein appeals pro se[1] the district court's denial of his Fed.R.Civ.P. 60(b)(1) motion to vacate a stipulated judgment entered against him after he breached a settlement agreement with the Cole Family Partnership ("Partnership"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, see United States ex rel. Familian Northwest, Inc. v. RG & B Contractors, Inc., 21 F.3d 952, 954 (9th Cir.1994), and we affirm.
 
 
 3
 A district court may relieve a party from a final judgment for, among things, excusable neglect. See Fed.R.Civ.P. 60(b)(1); RG & B Contractors, Inc., 21 F.3d at 955-56. However, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide [adequate] grounds for relief under Rule 60(b)(1)." Engleson v. Burlington N. R.R., 972 F.2d 1038, 1043 (9th Cir.1992) (citation and internal quotation marks omitted).
 
 
 4
 Because Lipstein has only proffered instances of purported attorney negligence to support his contention that he demonstrated excusable neglect, we conclude that the district court properly denied Lipstein's Rule 60(b)(1) motion to set aside the stipulated judgment in favor of the Partnership. See id. at 1043-44; see also RG & B Contractors, Inc., 21 F.3d at 956 ("Even a liberal interpretation of 'excusable neglect' will not excuse every error or omission in the conduct of litigation.").
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lipstein's appellate counsel withdrew from this case on September 23, 1996
 
 
 [2]
 We do not address Lipstein's contentions regarding a purported conflict of interest that Lipstein experienced with his trial attorney because he did not present these issues to the district court. See United States v. Cupa-Guillen, 34 F.3d 860, 863-64 (9th Cir.1994). We conclude that Lipstein's contention that the district court erred by not advising him of his trial attorney's purported conflict of interest is without merit