122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LaVerne v. SIMMONS, Plaintiff-Appellant,
v.
STATE of California; Steve Mefford; Leo Hartland; Gary W.
Hermann; Nance Milberger; Simon Reyes; Gail
Gesswein, Lloyd Aubrey; Ron Rinaldi;
Lesley Kizer, Defendants-Appellees.
 No. 95-16954.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Filed August 27, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, Lawrence K. Karlton, Chief Judge Emeritus, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 La Verne C. Simmons appeals pro se the district court's summary judgment in favor of defendants in Simmons' 42 U.S.C. § 1983 action alleging that defendants conspired to drive him out of the public works contracting business by accusing him of being a "minority front" contractor and causing him to lose a valuable loan offer. Simmons also appeals the district court's denial of his motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We review the district court's denial of a motion for reconsideration for abuse of discretion. See Sheet Metal Workers' Int'l Ass'n Local Union, No. 359 v. Madison Indus., Inc., 84 F.3d 1186, 1192 (9th Cir.1996).
 
 
 4
 Simmons contends that the district court (1) abused its discretion by denying his motion for extension of time to respond to defendants' motion for summary judgment, (2) erred by granting summary judgment for defendants because a material issue of fact remained, (3) abused its discretion by denying his motion for reconsideration because he submitted newly discovered evidence, and (4) abused its discretion because the denial of the motion for reconsideration resulted in manifest injustice. These contentions lack merit.
 
 
 5
 First, "[w]e will not overturn a decision to deny a continuance except upon a showing of abuse of discretion." United States ex rel. Hawaiian Rock Prods. Corp. v. A.E. Lopez Enters., Ltd., 74 F.3d 972, 976 (9th Cir.1996). Here, Simmons sought an extension of time to obtain a declaration, the substance of which was contained in a 1989 deposition to which Simmons had access. Where there has been such a lack of due diligence, there is no good cause for a continuance. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir.1992).
 
 
 6
 Second, summary judgment will be granted if the moving party establishes that there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The nonmoving party has the subsequent burden of presenting specific, significant probative evidence to support its claim that genuine issues of material fact remain. See id. at 250.
 
 
 7
 Here, Simmons filed his complaint on May 31, 1989. Simmons essentially contends that Victor Morton, the individual who was to loan Simmons money, made a phone call to defendant Mefford in April 1988 to inquire about Simmons' business and that Mefford's comments about Simmons caused Morton to withdraw the loan offer. It is undisputed that this phone call falls outside the applicable statute of limitations.
 
 
 8
 In opposition to summary judgment, Simmons contends that Morton made a second phone call in July or September 1988, within the limitations period, to revive the loan package. The pages of the Morton deposition to which Simmons refers do not support this proposition. Accordingly, Simmons did not meet his burden of presenting specific evidence to support his claim that genuine issues of material fact remained. See id.[1]
 
 
 9
 Third, pursuant to Fed.R.Civ.P. 60(b)(2), a court may relieve a party from judgment based upon newly discovered evidence if the movant shows that "the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was 'of such a magnitude that production of it earlier would have been likely to change the disposition of the case.' " See Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir.1990) (per curiam) (quoting Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir.1987)).
 
 
 10
 Here, Simmons argues that a clarifying declaration from Morton was newly discovered evidence stating that Morton's purpose in making the second phone call was to revive the loan. This evidence was not "newly discovered" because it was also contained in Morton's 1989 deposition testimony--at which both Simmons as his attorney were present--and could have been discovered by due diligence. See Jones, 921 F.2d at 878; see also Frederick S. Wyle P.C. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir.1985) (holding that evidence available before disposition of a motion for summary judgment precludes reconsideration on that basis).
 
 
 11
 Finally, Fed.R.Civ.P. 60(b)(6) is "a catchall rule for granting relief from final judgments where justice so requires" and applies only in "extraordinary" circumstances. See United States ex rel. Familian Northwest, Inc. v. RG & B Contractors, Inc., 21 F.3d 952, 956 (9th Cir.1994). Because Simmons' allegations of manifest injustice are attributable to either his or his attorney's neglect, we cannot say that Simmons has established such extraordinary circumstances. See id.
 
 
 12
 Accordingly, the district court did not err by granting summary judgment for defendants, see Bagdadi, 84 F.3d at 1197, or abuse its discretion by denying Simmons' motion for reconsideration, see Sheet Metal Workers' Int'l Ass'n, 84 F.3d at 1192.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3. Accordingly, Simmons' request for publication is denied. See 9th Cir.R. 36-2
 
 
 [1]
 Neither party filed the complete Morton depositions with the court, but instead filed excerpts
 
 
 [2]
 We reject Simmons' contention that defendants' motion for summary judgment was not properly noticed because he raised it for the first time in his motion to reconsider. See Intercontinental Travel Mktg., Inc. v. FDIC, 45 F.3d 1278, 1286 (9th Cir.1994). We also reject Simmons' objection to the court's 14-day oral extension of time for defendants to file an answering brief. See 9th Cir.R. 31-2.2(a)