**Rodolfo VELASQUEZ, Plaintiff— Appellant,**

v.

**State of CALIFORNIA; et al., Defendants—Appellees.**

No. 02–17306.

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 23, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

Before: RYMER, THOMAS, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Rodolfo Velasquez appeals pro se the district court's dismissal of his civil rights action challenging the constitutionality of California's vexatious litigant statute, Cal. Civ.Proc.Code § 391, *et seq.*, and denial of his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's dismissal for failure to comply with local rules, *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir.1995), and we affirm.

The district court did not abuse its discretion by granting defendants' Fed. R.Civ.P. 12(b)(6) motion to dismiss because Velasquez failed to oppose the motion. *See* N.D. Cal. Civ. Local R. 7–3(a) ("Any

---

** This disposition is not appropriate for publication and may not be cited to or by the

opposition to a motion must be served and filed not less than 21 days before the hearing date."). In addition, the district court granted Velasquez an extension of time in which to file an opposition and specifically warned him that failure to do so would constitute consent to the granting of the motion. *See Jacobsen v. Filler,* 790 F.2d 1362, 1364–65 (9th Cir.1986) (pro se litigants in the ordinary civil case are not excused from compliance with procedural rules).

Moreover, the district court considered the relevant factors before dismissing the action, and we find no error in the court's analysis. *See Ghazali,* 46 F.3d at 53 (listing the five factors that the district court must weigh before dismissing an action for failure to comply with local rules).

Finally, the district court did not abuse its discretion by denying Velasquez's motion for reconsideration under Fed. R. Civ. Pro. 60(b)(1) because he failed to demonstrate excusable neglect. *See United States ex rel. Familian Northwest, Inc. v. RG & B Contractors, Inc.,* 21 F.3d 952, 956 (9th Cir.1994) ("Even a liberal interpretation of 'excusable neglect' will not excuse every error or omission in the conduct of litigation.").

**AFFIRMED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.